[No. 15734.   In Bank.—June 11, 1894.]

THE PEOPLE'S HOME SAVINGS BANK, PETITIONER, *v.* THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

BANK COMMISSIONERS' ACT—POWER OF ATTORNEY GENERAL—INJUNCTION SUIT—WINDING UP OF BANK—HEARING.—Under the provisions of the Bank Commissioners' Act of March 30, 1878 (Stats. of 1877-78, p. 744), the attorney general is empowered, upon receiving a report from the bank commissioners that it is unsafe for a banking corporation to continue business, to commence an action against the corporation alone in the proper court to enjoin and prohibit it from transacting any further business, and for the sole purpose, in effect, of winding up its business, but no injunction or order can issue in said action until after a hearing, and an opportunity to the bank to contest the allegations.

ID.—UNAUTHORIZED ACTION—VOID ORDER—EX PARTE INJUNCTION—RECEIVER—PROHIBITION.—The attorney general is not empowered to maintain an action in behalf of individual stockholders, or creditors, against the directors of the corporation, to prohibit them from transacting any further business of the corporation on the ground of their alleged negligence, incompetence, mismanagement, and fraud, and *ex parte* orders by the judge upon the filing of such a complaint, granting an injunction and appointing a receiver, are unauthorized and void, and a writ of prohibition will be granted to stay proceedings thereunder.

PETITION in the Supreme Court for a writ of prohibition to the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Delmas & Shortridge,* for Petitioner.

*James Alva Watt,* and *Attorney General W. H. H. Hart,* for Respondent.

BEATTY, C. J.—On the first day of May, 1894, the people of the state of California, upon information of the attorney general, and upon complaint of the bank commissioners, commenced an action against the above-named petitioner, a corporation, and against the individuals composing its board of directors, by filing a complaint in the superior court, wherein it was alleged, among other things, that this petitioner, one of the defendants therein, was a corporation created and organized under the laws of the state of California for the purpose of accumulating the savings and funds of its stockholders, depositors, and others. That between the 14th and 27th of April, 1894, said bank commissioners made an examination of the affairs of said corporation, which disclosed the fact that it was insolvent, and that its board of directors had been guilty of various irregular practices and acts of fraud by which the interests of the depositors and stockholders had been seriously prejudiced, all of which they at once reported to the attorney general, together with their opinion that it was unsafe for said corporation to transact business. That after receiving said report the attorney general made an examination which confirmed all the statements of the bank commissioners. And said complaint then proceeded with formal allegations of the various matters specified in the commissioners' report, which, if true, undoubtedly made out a strong case of negligence, incompetence, mismanagement, and fraud upon the part of the directors of the bank, and very clearly demonstrated that the interests of the depositors and stockholders would be seriously jeopardized by their continuance in control of the bank.

Wherefore the plaintiff prayed:

"1. That the court appoint some competent person to act as a temporary receiver during the pendency of this action, with full power and authority to take possession of all the stocks, bonds, mortgages, notes, securities, papers, vouchers, and property of the defendant, People's Home Savings Bank, and to safely keep and preserve the same, and the banking premises now occupied by said bank, until the further order of this court.

" 2. That the court enter a final decree and judgment for the relief hereinafter specified, and for the appointment of a permanent receiver to take possession of all the stocks, bonds, mortgages, notes, securities, papers, vouchers, and property of the defendant corporation, and to collect the assets and moneys due to said corporation defendant, and to carry out such orders in reference to the payment of the creditors as the court may from time to time direct.

" 3. That, upon the hearing of this case, this court order, adjudge, and decree that it is unsafe for the parties interested in the business of the corporation defendant that said corporation shall continue to transact business, and that it is unsafe for such corporation to transact business, and that such corporation, its officers and directors, and each of said directors, be enjoined and prohibited from transacting any further business as far as said corporation shall be concerned, and that this court shall enjoin and prohibit the transaction of any further business by such corporation, and in the mean time, and until said cause shall be heard, and until the further order of this court, that such corporation defendant shall be enjoined and prohibited from transacting any further business so far as said corporation shall be concerned, and that said corporation and directors, and each of them, shall be enjoined from the transaction of any further business of such corporation.

" 4. That the bank commissioners of the state of California be directed, upon the issuance of the foregoing injunction, to call together the creditors of the said cor-

poration defendant herein; and further, that said bank commissioners take such proceedings against said corporation thereafter as may be decided upon by the creditors of said corporation.

" And plaintiff further prays for such other and further, or other and further, relief as to the court shall seem meet and proper, and good equity require, and for costs of suit."

Immediately upon the filing of this complaint the judge of the superior court made two *ex parte* orders— one for an injunction, and the other for a receiver, as follows:

" The plaintiff in the above-entitled cause having commenced an action in the superior court, in and for the city and county of San Francisco, against the above-named defendants, and having prayed for an injunction and restraining order against the said defendants requiring them to refrain from certain acts in said complaint more particularly mentioned; on reading said complaint in said action, duly verified by the oath of W. H. Knight, C. H. Dunsmoor, and J. B. Fuller, members of the board of bank commissioners of the state of California, and it satisfactorily appearing to me therefrom that it is a proper case for an injunction, and that sufficient grounds exist therefor, and this being a case in which an undertaking is not required by law,

" It is therefore ordered by me, judge of said superior court, that until further order in the premises, you, said defendants, and each of you, and all your counselors, attorneys, solicitors, agents, directors, and officers, and all others acting in aid or assistance of you, and each and every of you, do absolutely desist and refrain from the transaction of any further business whatsoever."

" On reading the complaint in the above-entitled action, and upon motion of Wm. H. H. Hart, attorney general of the state of California, it is ordered that John F. Sheehan be, and is hereby, appointed temporary receiver to take possession of the assets of said defendant corporation, and he is hereby authorized as such receiver

to take possession of all the stocks, bonds, mortgages, notes, securities, papers, and vouchers, and property of said defendant corporation, and to safely keep and preserve the same until the further order of this court, and he is hereby authorized as such receiver to make collections of such sums due, and becoming due, to said defendant corporation as may be necessary for the preservation of its assets; said appointment of said receiver to continue until the further order of this court; and it is ordered that the said John F. Sheehan, before entering upon the discharge of his duties as such receiver, execute a bond in the sum of fifty thousand dollars, conditioned for the faithful discharge of his duties as such receiver, the sureties to be approved by the judge of this court, said bond to be made payable to the state of California."

On the same day upon which these orders were made the receiver so appointed attempted to take possession of the banking premises and all the books, papers, and property of the petitioner therein contained, and threatened petitioner and its directors with proceedings for contempt of court if they refused to yield possession. Petitioner, by its attorneys, thereupon called the attention of the superior court to what it claims was an excess of its jurisdiction in making such orders, but their motion to vacate was overruled, and thereupon they filed this petition here for a writ of prohibition, commanding said court and its receiver to desist and refrain from further proceedings upon said injunction and order. The respondent, the judge of the superior court, having filed his answer to the petition admitting the facts above stated, and all interested parties having been heard and the cause submitted, the sole question to be decided is whether the superior court exceeded its jurisdiction in making the orders above set forth.

No objection is made to the form of the proceeding, and the two orders for an injunction and receiver have been treated as if they were one, each being supplementary to, and an essential part of, the other.

We think it clear that the superior court, in making these orders, exceeded its jurisdiction. The only authority for instituting the action is to be found in section 11 of the Bank Commissioners' Act, passed March 30, 1878 (Stats. of 1877–78, 744), as amended March 10, 1887 (Stats. 1886–87, 90), and that section contains nothing to warrant these proceedings.

By its provisions the attorney general is empowered, in his discretion, upon receiving a report from the bank commissioners that it is unsafe for a banking corporation to continue business, to commence an action against the corporation in the proper court to enjoin and prohibit it from transacting any further business. And the court in which the action is tried if, after a hearing, it is of the opinion that the bank cannot safely continue business, must issue the injunction prayed for, and must *then* direct the commissioners to take such proceedings against the corporation as may be decided upon by its creditors. This is the whole extent of the power conferred upon the attorney general and the court by the statute, and the proceeding is purely statutory.

The attorney general is authorized to proceed against the corporation alone, and for the sole purpose, in effect, of winding up its business. In other words, he represents the interest of the people in a matter of public concern. The state which has granted to its creature the privilege of doing a banking business, by his intervention revokes that privilege for violation of the conditions express and implied upon which it was granted. It does not pretend to constitute itself the guardian of merely private rights of individual stockholders or creditors of the corporation, and has not empowered the attorney general in its name to maintain an action in their behalf against the directors of the corporation for violation of their trust, as has been attempted in this case. His function as agent of the state is, as above stated, simply and solely to revoke the privilege granted by the state, of doing a banking business, and before the court can issue its injunction for that purpose the

corporation is entitled to a hearing, and an opportunity to contest the allegations against it.

And even after the injunction of the court is issued, as we have lately held in *Long* v. *Superior Court*, 102 Cal. 449, the corporation continues in existence for the purpose of liquidation, and unless some further proceeding is instituted by or on behalf of its creditors or stockholders, will conduct such liquidation through its own officers and employees, subject only to the supervision of the bank commissioners and their direction and control in certain specified particulars.

The terms of the act are very clear and explicit to this effect, and the only argument advanced to justify the proceedings here in question (which clearly transcend the statute) is, that unless something is added by construction to the terms of the act, and a larger power given to the attorney general and the bank commissioners, the stockholders and depositors of a banking corporation will be left without any means of protection against such acts of mismanagement and fraudulent spoliation as are charged in this case.

But this argument, even if well founded, would not justify us in interpolating into the statute something that the legislature has omitted; and, besides, the argument is, on its own premises, self-destructive, for if the existence of a legal remedy could be inferred from the mere necessity of it, there must have been a remedy for such abuses before the Bank Commisioners' Act was passed, for the necessity was as great then as now, and if there was an equitable remedy then, the same remedy still remains, for the Bank Commissioners' Act has not taken it away, and therefore the assumption upon which the argument is founded is wholly unwarranted.

And again, if it is true that neither the courts nor the legislature had ever thought of devising any means of protecting the stockholders and depositors of a banking corporation against the mismanagement, waste, and spoliation of its funds prior to the act of 1878, upon

CIII. CAL.—3

what ground are we to conclude that the legislature then determined to provide a remedy, when no hint of such an intention is to be found in the terms of the statute? The most that can be said is, that the law in this respect is no better since the statute than it was before.

But it has never been held that creditors and stockholders of banking corporations have no remedy independent of the Bank Commissioners' Act against the abuses here charged. We know of no case in which this court has held that they were without a remedy in a court of equity, and certainly nothing of the sort was decided in the only case to which we have been cited by counsel. (*French Bank case*, 53 Cal. 495.) All that was decided in that case was, that a court of equity has no jurisdiction, in a suit by a private person against the corporation alone, to appoint a receiver to wind up its business, the practical effect of such a decree being a dissolution of the corporation, a result which, it was held, could be accomplished only at the suit of the state. But that an action might be maintained against the directors of a corporation in a proper case was expressly conceded.

We see no reason, therefore, to enlarge, by construction, the provisions of a statute which was never designed to put the protection of private interests under the exclusive care of the state, and we are compelled to hold that the *ex parte* orders of the superior court above set out were unauthorized and void, and that further proceedings thereunder should be prohibited.

Let a peremptory writ of prohibition issue as prayed for.

McFARLAND, J., GAROUTTE, J., VAN FLEET, J., HARRISON, J., and FITZGERALD, J, concurred.

DE HAVEN, J., being disqualified, did not participate.