## MURRAY v. AMERICAN SURETY CO. OF NEW YORK.

(Circuit Court of Appeals, Ninth Circuit. October 8, 1895.)

### No. 218.

1. RECEIVERS—POWER TO APPOINT—CALIFORNIA BANK COMMISSIONERS' ACT.
   The California "Bank Commissioners' Act" (St. 1877–78, p. 740, as amended by St. 1886–87, p. 90) provides in section 11 that if the commissioners shall find that any bank has violated its charter or law, or is conducting business in an unsafe manner, they shall require it to discontinue such practices; and in case of refusal, or whenever it shall appear to the commissioners unsafe for the bank to continue business, they shall notify the attorney general, who may commence suit to enjoin the transaction of business by such bank; and, upon the hearing of such suit, the court may issue the injunction, and direct the commissioners to take such proceedings against the bank as may be decided on by its creditors. The section also empowers the commissioners to supervise the affairs of banks

in process of liquidation, limit the number of their officers and employés, and requires reports to the commissioners by such banks. *Held*, that a court in which proceedings are instituted by the attorney general against a bank pursuant to such statute has no jurisdiction to appoint a receiver of the property of the bank in such proceedings, though the bank commissioners and the creditors of the bank consent, and though there are provisions in the Code of Civil Procedure authorizing the appointment of receivers in other proceedings. 59 Fed. 345, and 61 Fed. 273, affirmed.

2. JUDGMENT—COLLATERAL ATTACK.
The exercise by a court, in purely statutory proceedings, of a power not authorized by the statute, is null and void, and may be collaterally attacked.

In Error to the Circuit Court of the United States for the Southern District of California.

This was an action by Eli H. Murray, as receiver of the California Savings Bank of San Diego, against the American Surety Company of New York, upon two bonds of indemnity. The defendant demurred to the complaint, and the demurrer was sustained. 59 Fed. 345. Plaintiff then amended the complaint. The defendant again demurred, and the demurrer was sustained. 61 Fed. 273. Plaintiff brings error. Affirmed.

J. Wade McDonald, for plaintiff in error.

M. T. Allen and Allen & Flint, for defendant in error.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. This is an action at law to recover damages for the alleged breach of the condition of two certain bonds executed by the defendant in error to the California Savings Bank of San Diego, a corporation, to indemnify it against any pecuniary loss by it sustained by the fraud or dishonesty of its vice president and cashier. It was commenced in the state superior court of San Diego county, and, upon motion of the defendant, was transferred to the United States circuit court.

The plaintiff in error was appointed receiver of the savings bank in a proceeding instituted by the attorney general, in the name of the people of the state of California, in the superior court of San Diego county, under and by virtue of section 11 of the act of March 30, 1878, commonly known as the "Bank Commissioners' Act" (St. 1877–78, p. 740), as amended in 1887 (St. 1886–87, p. 90), creating a board of bank commissioners, and prescribing their powers and duties. This section, as amended, reads as follows:

"If such commissioners, on examination of the affairs of any corporation mentioned in this act, shall find that any such corporation has been guilty of violating its charter or law, or the provisions of this act, or is conducting business in an unsafe manner, they shall, by an order addressed to the corporation so offending, direct discontinuance of such illegal and unsafe practices and a conformity with the requirements of its charter and of law under this act; and if such corporation shall refuse or neglect to comply with such order, or whenever it shall appear to said commissioners that it is unsafe for any such corporation, as in this act mentioned, to continue to transact business, they shall notify the attorney general of such fact, who, after examination, in his discretion, may commence suit in the proper court against such corporation, to enjoin and prohibit the transaction of any further busi-

ness by such corporation; and upon the hearing of the case, if the judge of the court where the case is tried shall be of the opinion that it is unsafe for the parties interested, or for such corporation, to continue to transact business, and that such corporation or institution is insolvent, he shall issue the injunction applied for by said commissioners and attorney general, who shall cause said injunction to be served according to law; and said judge shall further direct said commissioners to take such proceedings against such corporation as may be decided upon by its creditors. If any corporation mentioned in this act, which is now insolvent, or which may hereafter become insolvent, or be thrown into liquidation by process of law, or by the order or consent of its stockholders, directors, managing officers, managers, or creditors, the affairs of such corporation shall be closed, and the business thereof settled within four years from the time it shall be declared to be insolvent, or be thrown into liquidation, as the case may be, unless at the expiration of such time it shall obtain the consent, in writing, from a majority of the board of bank commissioners to continue in liquidation for a longer period. The bank commissioners shall, however, have no power to grant a continuance for such purpose for a longer period than one year at each time. Any corporation mentioned herein, now in liquidation, or that may be hereafter thrown into liquidation, shall make semi-annual reports of the condition of its affairs to the bank commissioners, in the same manner as the solvent banks mentioned in this act, and in addition thereto shall state the amount of dividends paid, debts collected, and the amount realized on property sold, if any, since the previous report. The bank commissioners shall have the power, and it is hereby made their duty, to examine the condition of every such corporation in liquidation, in the same manner as in the case of solvent banks; and shall have a general supervisory control of any such corporation. They shall have the power to designate the number of officers and employés necessary to close up the business of any such corporation, and to fix the salaries of the same; and shall do all in their power to make such liquidation economical and as expeditious as the interests of the depositors and stockholders will admit. The bank commissioners are hereby empowered to examine into the affairs of all banks in process of liquidation, at the time of the passage of this act. When any such bank shall have been for two years next preceding the passage of this act, in process of liquidation, or when any such bank shall have been in liquidation for two years from the time it was declared insolvent, or thrown into liquidation, the bank commissioners have the power to direct that the business of the bank shall be closed, and may designate a time when such closing shall be effected, and may limit the number of officers and employés, fix their salaries, and make such other orders as are necessary for the economical and expeditious administration of the affairs of the bank. If any officer or employé of any insolvent corporation, mentioned in this act, shall refuse to comply with the provisions of this section, or disregard or refuse to obey the directions of said bank commissioners, given in accordance with the provisions of this act, such officer or employé shall be punished by a fine of not less than five hundred dollars, or by imprisonment in the county jail for not less than one year, or by both such fine and imprisonment, as a court of competent jurisdiction may determine."

The action of the circuit court in sustaining a demurrer to plaintiff's amended complaint presents the question as to the jurisdiction of the state court to appoint a receiver, and the authority of such receiver to bring this action. The statute above quoted speaks for itself. The proceedings instituted under its provisions authorized the court to enjoin the bank from transacting any further business, and to make an order that the bank commissioners take such proceedings against such bank as might be decided upon by its creditors. But there is no direct provision to be found in the section which authorized the court to appoint a receiver in such proceedings.

It is, however, contended by the plaintiff that, inasmuch as section 11 expressly required the court which had acquired jurisdiction of

the proceedings to "direct said commissioners to take such proceedings against such corporation as may be decided upon by its creditors," it follows, by necessary implication, that this provision required the court to hold the proceedings open until the affairs of the bank were wound up, and thereby avoid a multiplicity of actions or proceedings; that the bank commissioners, the insolvent bank, and all its creditors being present at the time the receiver was appointed, and the commissioners and the creditors having requested such appointment, and the insolvent bank not having made any objection thereto, the court, being a court of general as well as statutory jurisdiction, had the authority to hear and determine the question as to its jurisdiction, and, having decided that it had jurisdiction, the appointment of the receiver was, at most, only irregular; and that its judgment could not be collaterally assailed. It is further argued that, if the court did not have jurisdiction under section 11 to appoint a receiver, it did have general authority under the provisions of sections 187, 564, and 565 of the California Code of Civil Procedure; and that inasmuch as the bank commissioners' act did not, in any of its sections, prescribe the particular procedure that was to be had, the hiatus in that act is supplied by the other general sections of the Code concerning the appointment of receivers. Are these positions tenable? We are of opinion that they cannot be maintained upon any sound reasoning, or sanctioned by any recognized principle of law. The fact that the superior court is a court of general jurisdiction did not give it the power to appoint a receiver without any authority from the statute under which it was acting. The fact that it had the power to appoint a receiver in proceedings that might be instituted, under the discretion of the court, by the bank commissioners against the bank, as might be decided upon by its creditors, did not authorize the court to appoint a receiver in the proceedings instituted by the attorney general on behalf of the people to enjoin the insolvent bank from the further transaction of any business.

In Havemeyer v. Superior Court, 84 Cal. 327, 24 Pac. 121, the court held that the superior court had no jurisdiction to appoint a receiver of the property of a corporation in quo warranto proceedings, upon judgment or forfeiture of its corporate charter; that the rendition of the judgment authorized by section 808 of the Code of Civil Procedure ends the proceedings; and that no receiver can be appointed unless a new suit is commenced by a creditor or stockholder of the corporation for that purpose, under section 565 of the Code. The statute under consideration contemplates that two separate and distinct proceedings shall be taken if a receiver is to be appointed. The parties in each are different. In one, to enjoin the bank from transacting business, the proceedings are instituted by the people of the state, upon the information of the attorney general; in the other, for the appointment of a receiver, by the bank commissioners against the bank.

In People's Home Sav. Bank v. Superior Court of San Francisco, 103 Cal. 27, 36 Pac. 1015, which was an application for a writ of prohibition to enjoin the court from enforcing certain orders, it was

shown that, in certain proceedings instituted by the people of the
state upon the information of the attorney general against the sav-
ings bank, the relief prayed for was an order to enjoin the bank from
the transaction of any further business, and for the appointment of
a receiver to take possession of the assets of the bank. Both or-
ders were made and treated as one. The court held that the action
of the court in that proceeding was null and void, and granted the
writ. In the course of the opinion, the court said:

"We think it clear that the superior court, in making these orders, exceeded
its jurisdiction. The only authority for instituting the action is to be found
in section 11 of the bank commissioners' act, passed March 30, 1878 (St.
1877–78, p. 744), as amended March 10, 1887 (St. 1886–87, p. 90); and that sec-
tion contains nothing to warrant these proceedings. By its provisions, the
attorney general is empowered, in his discretion, upon receiving a report
from the bank commissioners that it is unsafe for a banking corporation to
continue business, to commence an action against the corporation in the
proper court to enjoin and prohibit it from transacting any further business;
and the court in which the action is tried, if, after a hearing, it is of the
opinion that the bank cannot safely continue business, must issue the in-
junction prayed for, and must then direct the commissioners to take such
proceedings against the corporation as may be decided upon by its creditors.
This is the whole extent of the power conferred upon the attorney general
and the court by the statute, and the proceeding is purely statutory."

In State Inv. & Ins. Co. v. Superior Court of San Francisco, 101
Cal. 135, 149, 35 Pac. 549, the court, in discussing a similar question,
said:

"The only parties to the present action are the people of the state and the
delinquent corporation. When the object for which the action is authorized—
the revocation by the state of the franchise which it conferred—has been ac-
complished, there would naturally be no further action for the court to per-
form. The state has no interest in either the assets of the corporation or its
debts; and, when it has secured the dissolution of the corporation, its func-
tions in the action have ceased."

See, also, People v. Superior Court of San Francisco, 100 Cal. 105,
117, 34 Pac. 492; Long v. Superior Court, 102 Cal. 449, 454, 36 Pac.
907; People v. Buffalo Stone & Cement Co., 131 N. Y. 140, 29 N. E.
947.

It is equally clear that neither the bank commissioners nor the
creditors of the bank had any right of intervention in the proceed-
ings instituted under the provisions of section 11 of the bank commis-
sioners' act, for the purpose of enjoining the bank from transacting
business. Neither the bank commissioners nor the creditors could
have instituted such a proceeding. That authority is vested solely
in the people of the state. To entitle the bank commissioners or the
creditors to intervene, by motion or petition, their interests must be
such that, if they had brought the original proceedings in their own
name, they would have been entitled to recover. Pom. Rem. & Rem.
Rights, § 430.

In Horn v. Water Co., 13 Cal. 69, Field, J., said:

"The interest mentioned in the statute, which entitles a person to intervene
in a suit between other parties, must be in the matter in litigation, and of
such a direct and immediate character that the intervener will either gain
or lose by the direct legal operation and effect of the judgment. * * * To

authorize an intervention, therefore, the interest must be that created by a claim to the demand, or some part thereof, which is the subject of litigation."

See, also, Smith v. Gale, 144 U. S. 518, 12 Sup. Ct. 674.

The fact that there are other provisions of the Code of California which authorize the court, in other proceedings, to appoint a receiver, cannot be said to authorize the court to appoint a receiver in proceedings instituted under the provisions of section 11 of the bank commissioners' act. Courts do not make the laws. They interpret them. If there is no warrant in the statute for the doing of an act, courts cannot supply the defect. There is nothing in the contention of counsel for plaintiff in error that will "justify us in interpolating into the statute something that the legislature has omitted." People's Sav. Bank v. Superior Court of San Francisco, 103 Cal. 33, 36 Pac. 1015. In whatever light this question may be viewed, we are brought directly face to face with the unquestioned rule of law that in all special statutory proceedings the measure of the court's power is the statute itself. See authorities before cited; Smith v. Westerfield, 88 Cal. 374, 26 Pac. 206; East Tennessee, V. & G. R. Co. v. Southern Tel. Co., 112 U. S. 306, 5 Sup. Ct. 168; Wells, Jur. § 70; High, Rec. § 43. Whatever steps are provided for by the statute may be taken by the court, and, no matter how irregular or erroneous its action may be in regard thereto, it is conclusive until reversed upon appeal, and cannot be collaterally assailed. Dowell v. Applegate, 152 U. S. 327, 340, 14 Sup. Ct. 611, and authorities there cited. But the judgment of a court having no jurisdiction of the subject-matter or the parties, or the exercise of a power by the court not authorized by the statute in purely statutory proceedings, is utterly null and void, and may be collaterally assailed. Griffith v. Frazier, 8 Cranch, 9; Elliott v. Peirsol, 1 Pet. 333, 340; Wilcox v. Jackson, 13 Pet. 498, 511; Bigelow v. Forrest, 9 Wall. 351; Windsor v. McVeigh, 93 U. S. 274, 282; U. S. v. Walker, 109 U. S. 258, 3 Sup. Ct. 277; Reynolds v. Stockton, 140 U. S. 254, 268, 11 Sup. Ct. 773; Hatch v. Ferguson, 15 C. C. A. 201, 68 Fed. 45; Munday v. Vail, 34 N. J. Law, 419.

The judgment of the circuit court is affirmed.