AIKEN et al. v. COLORADO RIVER IRR. CO. et al.

(Circuit Court, S. D. California. February 24, 1896.)

No. 651.

CORPORATIONS—RECEIVERS—STOCKHOLDERS' SUIT.

In a suit brought by stockholders in a corporation against the corporation and its directors to stop alleged fraudulent and illegal transactions of the company, and to compel an accounting from the directors for profits unlawfully realized by them through breaches of their fiduciary obligations, and to procure the rescission of a fraudulent contract and the cancellation of spurious stock, where it is alleged that the directors are tools of and under the control of one of their number, who profits by the frauds alleged, and who maintains his control by means of the spurious stock, the appointment of a receiver to collect and preserve the property of the corporation to meet the charges which the plaintiffs seek to establish is a proper remedy.

A. B. Hotchkiss, for complainants.

W. H. Hart and Aylett R. Cotton, for defendants.

WELLBORN, District Judge. This is a motion by the defendant the Colorado River Irrigation Company to vacate the order heretofore made for the appointment of a temporary receiver, and to dissolve the temporary injunction heretofore granted in said suit. The motion rests entirely upon demurrer, and therefore the allegations of the bill must, for the purposes of this hearing, be accepted as true. I shall not undertake to review the numerous grounds of the motion as therein stated. None of them, in my opinion, are tenable. I think that the facts set forth in the bill present a proper case for the interposition of a court of equity, and that the appointment of the receiver was both within the jurisdiction of the court and justified by the exigencies of the case. The bill does not ask a dissolution of the corporation, or a statutory receivership to wind up its business. All that it seeks to accomplish through the receiver is the collection into his hands and preservation of the property of the corporation to meet the equitable charge or lien which plaintiffs insist they will ultimately establish against such property. It is the ordinary stockholders' action to stop, according to the allegations of the bill, fraudulent and illegal transactions of the company, and to compel an accounting from certain directors for profits unlawfully realized by them through breaches of their fiduciary obligations, and to procure the rescission of a fraudulent contract, and the cancellation of certain spurious stock. The directors thus charged with betrayals of their trust are made parties to the bill. While it is true that the substantial relief prayed for is largely

against one of these directors, John C. Beatty, and upon liabilities from him nominally direct to the corporation, yet the right of the plaintiffs to enforce these liabilities in their own names results from the alleged facts that, said corporation being under the control of directors, who are the "instruments and tools of said Beatty," will not, by suit or otherwise, redress the wrongs complained of, and that by means of said spurious stock said Beatty is enabled to perpetuate said control. To a board of directors or a body of stockholders thus constituted and influenced, formal demand for remedial action in the corporate name against the wrongdoers would be mere idle ceremony not required by law. The bill, however, does allege that earnest efforts have been made on behalf of the complainants to induce the directors of said company to institute in the name of the company appropriate proceedings against the defendant Beatty, but that they have neglected and refused to do so, for the reason that they are under the complete control and domination of said defendant. In Hawes v. Oakland, 104 U. S. 460, the court, after declaring that, in order to maintain a suit of the character therein discussed, the stockholder must make honest efforts to induce immediate action on the part of the directors, and, failing in this, then on the part of the stockholders as a body, proceeds as follows: "And he must show a case, if this is not done, where it could not be done, or it was not reasonable to require it." The facts of the present case amply fulfill this requirement. It may be further observed, in this connection, that the bill of complaint complies fully with equity rule 94 in alleging that each of the complainants was a shareholder at the time of the transaction complained of, and that the suit is not a collusive one to confer upon this court jurisdiction of a case of which it would not otherwise have cognizance. The ultimate objects of the bill being such as above indicated, a temporary receivership is clearly an authorized and appropriate incident to the relief sought. The decision in the French Bank Case, 53 Cal. 495, upon which the defendant largely relies, is not, I think, applicable here. There, the plaintiff, who was a creditor and member of the corporation, sued to recover judgment for his debt, and to have the corporation declared insolvent, and a receiver appointed to take charge of all the property and business of said corporation, and wind up its affairs, the main ground of the relief sought being the corporation's insolvency. The decision of the court was simply to the effect that, for the purpose and upon the ground stated, the court had no jurisdiction to appoint the receiver. That the decision was intended to be limited to the precise facts before the court is shown in the following extract from the opinion:

"The corporation itself being the sole party defendant, the trustees—those persons upon whom the management of its affairs is devolved—are not parties, nor is any relief sought against them personally. That there is no inherent power in the district courts, as being courts of equity, to appoint a receiver in such a case as that presented by the complaint of Gallagher, is therefore apparent both upon principle and authority."

The court quotes with approval the language of Chancellor Kent:

"That the persons who, from time to time, exercise the corporate powers, may, in their character of trustees, be accountable to this court [the court of chancery] for a fraudulent breach of trust."

And then adds:

"And in exercise of these admitted equity powers of the court, referable to the well-known grounds upon which its jurisdiction ordinarily proceeds, embracing the cognizance of fraud, accident, trust, and the like, the rights of natural persons injured or put at hazard through corporate proceedings unauthorized by law, will find ample protection and redress." French Bank Case, 53 Cal. 551.

The construction which I have placed upon the French Bank Case seems to be confirmed by positive expressions of the supreme court of California in a later case, where it is said:

"But it has never been held that creditors and stockholders of banking corporations have no remedy, independent of the bank commissioners' act, against the abuses here charged. We know of no case in which this court has held that they were without a remedy in a court of equity, and certainly nothing of the sort was decided in the only case to which we have been cited by counsel,—French Bank Case, 53 Cal. 495. All that was decided in that case was that a court of equity has no jurisdiction, in a suit by a private person against the corporation alone, to appoint a receiver to wind up its business: the practical effect of such a decree being a dissolution of the corporation,—a result which, it was held, could be accomplished only at the suit of the state. But that an action might be maintained against the directors of a corporation in a proper case was expressly conceded. People's Home Sav. Bank v. Superior Court of City and County of San Francisco, 103 Cal. 34, 36 Pac. 1015."

In the present suit, the bill of complaint, whose scope and general features I have already adverted to, clearly presents a "proper case" for equitable cognizance, and shows, unquestionably, that complainants have capacity to maintain a stockholders' suit, within the rules and principles declared in the leading case of Hawes v. Oakland, 104 U. S. 460. With such a high precedent supporting the bill, further citation of authorities to that end is unnecessary. For an epitomized account, however, of the origin and development of the doctrine enunciated in Hawes v. Oakland, see Cook, Stock & Stockh. (2d Ed.) §§ 644b, 645.

As already stated, the receivership is merely a conservative provision, incidental to the main object of the bill, and, I think, clearly justified by the facts of the case. The exigencies upon which a court of equity ordinarily appoints a receiver of the property of a corporation, have been stated thus:

"Independently of statutory authority, a court of equity will ordinarily appoint a receiver of the property of a corporation in only seven cases: * * * Thirdly. At the suit of persons interested, whether as stockholders or creditors in the property, where there is a breach of duty by the directors, and an actual or threatened loss. * * * Fifthly. Where for a long time a corporation has ceased to transact business, and its officers have ceased to act." 1 Fost. Fed. Prac. 397, and cases cited.

The allegations of the bill bring this case within each of these two classes.

The facts that the receiver resides in the state of New York, and was not required to give bond in this jurisdiction, were matters

entirely within the discretion of the court, and furnish no ground for vacating the order appointing the receiver.

The point made by defendant in its brief that this court has no jurisdiction of the subject-matter of the bill, because it appears therefrom that at the commencement of the action, the United States court of the Southern district of New York had acquired jurisdiction of said matters, is not well taken. The circuit court of New York is the court of primary jurisdiction, and the suit here ancillary. Such ancillary proceedings, outside of the primary jurisdiction, are too strongly fortified by principles of comity, and too amply sustained by precedents, to be now successfully called in question.

The motion to dissolve injunction and vacate order appointing receiver is denied.