LEARY v. COLUMBIA RIVER & P. S. NAV. CO. et al.

(Circuit Court, D. Washington, N. D.    October 6, 1897.)

1. FEDERAL COURTS—JURISDICTION—SUIT TO WIND UP FOREIGN CORPORATION.
   L., a citizen of the state of Washington, and a stockholder in an Oregon corporation, brought a suit in equity in a federal court in the former state against the corporation and against its officers, who were citizens of Oregon. The bill alleged an abuse by said officers of their trust, in utterly dissipating the earnings of the corporation, and a consequent danger of its insolvency, and prayed for a receivership, and for a decree that the individual defendants account and make good the depletion. The individual defendants were not within the jurisdiction of the court. The complainant claimed to be a creditor of the corporation for dividends that should have accrued, but had not reduced his claim to judgment. On demurrer, held, that the suit could not be maintained.

2. CORPORATIONS—RIGHTS OF STOCKHOLDER TO DIVIDENDS.
   Held, further, that until the corporation had a surplus in its treasury a stockholder could not say that there was a definite sum due to him, nor insist on a dividend being declared.

3. SAME—RECEIVERS.
   While in such a suit against a corporation and its managing officers a receivership may be proper as a mere conservative provision, incidental to the main object of the bill, the principle does not apply to a case where the officers, being beyond the jurisdiction, cannot be brought to account, nor be compelled by the court to restore ill-gotten gains, and where the appointment of a receiver, for the protection of complainant's interests, is the main object of the suit.

4. SAME—CONTRACT CREDITORS.
   A court of equity will not appoint a receiver of a corporation, without consent of the corporation itself, upon the application of a mere contract creditor, who has not secured an adjudication of his claim, and a judgment for an ascertained sum.

5. SAME.
   A fortiori, one who cannot even claim a definite or certain amount to be due is in no position to demand such relief.

6. SAME.
   Courts having jurisdiction to enforce their decrees in the state where a corporation has its home office should be resorted to in all cases where it is necessary to inquire into and regulate the internal affairs of the corporation.

7. SAME.
   A court of equity will not take control of the property of a foreign corporation with a view of experimenting to ascertain if a stockholder's investment may not be made more profitable by having the business conducted by a receiver.

Ballinger, Ronald & Battle and S. M. Shipley, for complainant.
Preston, Carr & Gilman, for defendants.

HANFORD, District Judge. This is a suit in equity by John Leary, a citizen of the state of Washington, against the Columbia River & Puget Sound Navigation Company, a corporation organized under the laws of the state of Oregon, and against certain individual citizens of the state of Oregon, who are officers of said corporation. The bill of complaint avers that the complainant is a large stockholder in the defendant corporation; that the corporation is the owner of certain steamboats engaged in carrying passengers and freight on regular routes on Puget Sound, in the state of Washington, and on the Columbia river, between Portland and other points in the state of Washington and the state of Oregon; that the other defendants are officers of the corporation, and in control of its property and business, and that they have abused their trust, by paying large salaries to themselves, employing near relatives in the service of the corporation, whose services are unnecessary, and paying them extravagant salaries, and by permitting the corporation to become a creditor of a town-site company in the state of Oregon, in which the individual defendants are interested, without making any effort to collect from the town-site company the amount due to the navigation company, by which means the entire earnings of the vessels owned by the corporation have been absorbed, in fraud of the rights of the stockholders; that no dividends have been paid to the stockholders, although, if the business had been managed with ordinary business prudence, and if accounts had been honestly rendered, a considerable sum would have been accumulated, which would belong to the stockholders; and that there is danger of the corporation becoming insolvent, in consequence of a continuation of the extravagance of the present management. The object of this suit is to oust the present officers of the corporation from control of its affairs, by placing the corporation, its business and property, in the hands of a receiver, and to compel said officers to render accounts and make good the amounts which they have improperly diverted from the treasury of the company. The corporation has appeared by counsel, and demurred to the bill on the ground that the court has no jurisdiction to grant the relief prayed for, or any relief.

In the argument upon the demurrer it was conceded that the individual defendants whose conduct is brought in question are not inhabitants of this state, and not within the jurisdiction of this court, so that it will be impossible for the court to obtain jurisdiction to render any decree against them personally. The complainant claims to be a creditor of the corporation to the amount which should have accrued in dividends upon stock which he holds, and that he has an equitable lien upon the property of the corporation; but he has not reduced his claim to judgment, and, as the corporation has no money in its treasury, it is obvious that he is not in a position to take a judgment against the corporation, for until there is a surplus in the treasury there can be no distribution of undivided profits. All that the court might do in this suit, and within this state, if its jurisdiction was sufficiently enlarged, would be to take into its custody the vessels and property of the corporation, which are within this state, and employ the same so as to earn money, in order to put money into the treasury of the corporation, and make it available to the payment of dividends, or sell

the vessels and property, and distribute the proceeds among the creditors and stockholders. It is my opinion that a suit cannot be maintained for such purpose, without consent of the corporation, whether the complainant be regarded merely as a stockholder, or as a creditor and stockholder. Until the corporation has a surplus in its treasury, a stockholder cannot say that there is any definite sum due to him from the corporation, nor insist on a dividend being declared. The rule is well settled that a court of equity will not appoint a receiver of a corporation, without consent of the corporation itself, upon the application of a mere contract creditor, who has not secured an adjudication of his claim, and a judgment for an ascertained sum. Beach, Rec. (Alderson's Ed.) § 612. This being so, a fortiori one who cannot claim a definite or certain amount to be due is in no position to demand such relief. The decision in the case of Aiken v. Irrigation Co., 72 Fed. 591–594, cited by counsel for complainant, meets my approval, except in matters of minor importance; but, although the facts of the case are not fully reported, enough appears to show that the learned judge who gave that decision distinguished the case from a case in which the corporation is being proceeded against as the sole party defendant, and no relief is sought against its managing officers personally, and he held that a receivership was proper, as a mere conservative provision, incidental to the main object of the bill. In the case before me, as the managing officers of the corporation cannot be brought to account, nor be compelled by process of this court to restore ill-gotten gains, the situation is the same as if said officers were not named as parties defendant. The receivership applied for in this case is the main object of the suit, instead of being merely a conservative provision incidental to the main object. In the case of Earle v. Railway Co., 56 Fed. 909–915, this court has ruled that in a suit by minority stockholders against an insolvent domestic corporation and its managing officers and agents, where facts were shown to justify an accounting, it was right and proper to take the corporation and its books and property into the custody of the court, through the medium of a receivership, with a view of facilitating the accounting; but the grounds upon which the court acted in that case are entirely absent in the present case. If a receiver is to be appointed for the mere purpose of extending protection to the complainant's interests, by taking the property of the corporation into custody, so as to prevent the officers of the corporation from using it fraudulently, when may the court relinquish its custody? Certainly not until the officials whose honesty is questioned shall have disposed of their interests as stockholders, lest after an indefinite time the present relations of the parties be re-established, leaving the complainant in as bad a situation as he is now with regard to the future operations of the corporation.

The authorities cited by counsel for the defendant corporation show clearly and strongly that courts having jurisdiction to enforce their decrees in the state where the corporation has its home office should be resorted to in all cases where it is necessary to inquire into and regulate the internal affairs of the corporation. 6 Thomp. Corp. § 8011; Gregory v. Railroad Co., 40 N. J. Eq. 38; Mining Co. v. Field (Md.) 20 Atl. 1039; 8 Am. & Eng. Enc. Law, pp. 378, 379. I consider

that it will be unwise, and a dangerous precedent, for a court of equity to take control of the property of a foreign corporation with a view of experimenting to ascertain if a stockholder's investment may not be made more profitable to him by having the business of the corporation conducted by a receiver, instead of officers and agents chosen by a majority of the stockholders. Therefore I am constrained to sustain the demurrer.