## MYERS et al. v. OCCIDENTAL OIL CORPORATION et al.

(District Court, D. Delaware. April 3, 1923.)

No. 448.

1. **Courts ☞371(1)—Delaware receivership statute enforceable in federal court.**

   A creditor or stockholder of a Delaware corporation may have the benefit in the federal court of Rev. Code Del. 1915, § 3883, authorizing the chancellor to appoint receiver for insolvent corporation.

2. **Corporations ☞556—Stockholders cannot sue for receivership the corporation alone, for fraud of officers.**

   Stockholders cannot maintain suit for the appointment of receivers against the corporation alone, on the ground of fraud and breaches of trust of its officers.

3. **Corporations ☞320(4)—When stockholders may and may not sue officers for mismanagement stated.**

   If stockholders are damaged collectively or as a class by mismanagement or wrongful use of corporate assets by the officers, the primary injury is to the corporation, and the right of action therefor is in the corporation, and not the stockholders; but, if the corporation refuses to sue, one or more stockholders may, on compliance with equity rule 27 (198 Fed. xxv, 115 C. C. A. xxv), bring suit in equity, on behalf of themselves and such other stockholders as may come in, against the corporation and the guilty persons.

4. **Receivers ☞1—"Receiver" defined.**

   Apart from statute, a "receiver" is a person appointed by the court to preserve the property in question only pendente lite.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Receiver.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Receivers ⬡⟹3—Receivership is merely ancillary remedy.**

Apart from statute, the appointment of a receiver is merely a remedy incidental and ancillary to the primary object of litigation, and cannot itself constitute such primary object.

**6. Corporations ⬡⟹592—Equity will not dissolve corporation for mismanagement or fraud of officers and stockholders.**

Its inherent jurisdiction does not enable a court of equity at the instance of a stockholder to dissolve or wind up a corporation by the sale and distribution of all its assets, because of the mismanagement or fraud of its officers and stockholders.

**7. Courts ⬡⟹269—Suit for cancellation or specific recovery of stock illegally issued to officers may be brought in federal court.**

Since shares of stock of a Delaware corporation are personal property having their situs in Delaware, under Rev. Code Del. 1915, §§ 1930, 1986, a suit for cancellation or specific recovery of such stock wrongfully issued by the corporation's officers to themselves may be brought in the federal court for the district of Delaware, and service had, under Judicial Code, § 57 (Comp. St. § 1039), on defendants residing elsewhere.

In Equity. Suit by Robert L. Myers, Jr., and another, against the Occidental Oil Corporation and others. Bill dismissed.

Charles F. Curley (of Saulsbury & Curley), of Wilmington, Del., and George P. Hoover, of Washington, D. C., for plaintiffs.

Herbert H. Ward (of Ward, Gray & Neary), of Wilmington, Del., and J. M. McCormick, of Dallas, Tex., for defendant Occidental Oil Corporation.

MORRIS, District Judge. Robert L. Myers, Jr., and Charles W. Myers bring this suit in equity against Occidental Oil Corporation, a Delaware corporation, and seven individuals holding the majority of its capital stock, five of whom constitute a majority of its directors. The complainants are stockholders of the corporate defendant, and sue "in their own right and for the benefit of all other shareholders of the defendant Occidental Oil Corporation, who may become parties plaintiff, in respect to the matters and things" set forth in the bill. The bill alleges insolvency of the corporate defendant and gross and fraudulent mismanagement of its affairs by the individual defendants for their own interest and to the detriment of the corporation and its minority stockholders; such alleged acts consisting mainly of the issuance of shares of the capital stock to themselves and the appropriation of moneys to their own use. The bill prays for the appointment of a receiver for the corporation; that all persons be enjoined from instituting or prosecuting suits against the corporation, and from levying attachments or executions upon its property; that the corporate defendant and all other persons be enjoined from interfering with the receiver in his possession and management of the property and business; that the property and assets of the corporate defendant be sold, "and the proceeds of any such sale or sales distributed among those entitled thereto, or that the property of the defendant corporation, after the satisfaction of the claims of the creditors, may be returned to it"; that the individual defendants be enjoined from disposing of the shares of capital stock of the defendant corporation

---

⬡⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

standing in their names, and that such shares be canceled; and for general relief.

The cause has been heard upon bill, answer of the corporate defendant, testimony taken in open court, depositions, and exhibits. The individual defendants are all nonresidents of this district and have not been served with process. They have neither answered nor appeared. At the beginning of the hearing the complainants amended the bill of complaint by striking out the only prayer for relief against the individual defendants—that asking for the cancellation of the shares of capital stock of the defendant corporation standing in their names. Thereupon the corporate defendant moved to dismiss the bill of complaint. The plaintiffs and corporate defendant being ready to proceed with the trial, the motion was denied without prejudice, and the evidence heard. The defendant now urges that the prayers of the bill of complaint must be denied, and the bill dismissed, upon the grounds that (1) insolvency of the corporation, though alleged, is not proved; (2) that, in the absence of enabling statutes, stockholders cannot maintain a suit for the appointment of receivers against the corporation alone, where the matters of complaint are fraud or breaches of trust on the part of its officers; (3) that, independently of statutes, receivership is a remedy to be invoked only in aid of the primary relief sought, cannot of itself constitute such primary relief, and hence that the court must have jurisdiction independent of the receivership; (4) that no relief being prayed against the individual defendants, and no primary relief being sought against the corporate defendant, except that of receivership, and insolvency the one statutory ground therefor, not having been established, the court is without power to appoint receivers on final hearing; (5) that in no event is the evidence sufficient to warrant the appointment of a receiver upon the ground of fraud or mismanagement.

[1] The only statute of the state of Delaware having a bearing upon this suit is section 3883 of the Revised Code of Delaware of 1915. It provides:

"Whenever a corporation shall be insolvent, the Chancellor, on the application and for the benefit of any creditor or stockholder thereof, may, at any time, in his discretion, appoint one or more persons to be receivers of and for such corporation, to take charge of the estate, effects, business and affairs thereof, and to collect the outstanding debts, claims, and property due and belonging to the company, with power to prosecute and defend, in the name of the corporation or otherwise, all claims or suits, to appoint an agent or agents under them, and to do all other acts which might be done by such corporation and may be necessary and proper; the powers of such receivers to be such and continued so long as the Chancellor shall think necessary: Provided, however, that the provisions of this section shall not apply to corporations for public improvement."

A creditor or stockholder may have the benefit of that statute in this court. Jones v. Mutual Fidelity Co. (C. C.) 123 Fed. 506; Adler v. Campeche Laguna Corp. (D. C.) 257 Fed. 789. But the allegation of insolvency of the defendant corporation was not proved. On the contrary, the evidence discloses that the corporation has assets of a very substantial value and there is no evidence of any indebtedness.

The right of complainants to statutory relief is therefore not established.

[2] The individual defendants having neither been served with process nor appeared, and the only prayer for relief against them having been stricken out by amendment, the bill now stands as if the individuals had never been made parties defendant. Assuming that the allegations of wrongdoing on the part of the majority stockholders and corporate officers are to be taken, under the bill as amended, not as facts to convince the court that the alleged insolvency was of such a character and brought about in such a manner as to move the court to appoint receivers on the ground of insolvency, but as an independent ground for the appointment of receivers, there is thus presented, insolvency not having been established, the naked question of whether, in the absence of enabling statutes, stockholders can maintain a suit for the appointment of receivers against the corporation *alone*, where the matters of complaint are fraud or breaches of trust on the part of its officers. In the consideration of this question it is of prime importance that a clear understanding be had of the distinction between the primary right of a stockholder to sue as an individual for wrongs done to him or his property, and his derivative and conditional right to sue in equity for injuries inflicted upon the corporation or upon stockholders collectively as distinguished from individual stockholders.

[3] If the injury be to the individual stockholder, he may, of course, individually maintain an action at law or in equity, as the case may be, to redress the injury; but if, by mismanagement or by the wrongful use of the corporate assets by the corporate officers, the stockholders are damaged collectively or as a class, the primary injury is sustained by the corporation and the injury to the stockholders is secondary. In such instances the cause of action is in the corporation, and not in the stockholders. However, if the corporation refuses to sue, one or more stockholders may, upon compliance with the terms prescribed in equity rule 27 (198 Fed. xxv, 115 C. C. A. xxv), bring suit in equity on behalf of themselves and such other stockholders as may come in, against the corporation and the guilty persons. Hawes v. Oakland, 104 U. S. 450, 460, 26 L. Ed. 827. Such suits are in reality suits on behalf of the corporation. Fletcher on Corporations, §§ 2681, 4051.

The distinction between a suit instituted against a corporation and one instituted in its behalf was made the basis of the decision in Edwards v. Bay State Gas Co. (C. C.) 91 Fed. 942, where the identical question now under consideration was presented under like circumstances to Judge Dallas, sitting in this court by special assignment, and answered by him in the negative. So far as I know, the soundness of that decision has not been successfully challenged or seriously questioned during the quarter century that has elapsed since the opinion was handed down. Nor am I now disposed to disturb or even doubt it. The purpose for which the receivership is sought is immaterial, if the suit be brought against the corporation alone. In the Bay State Gas Co. Case the receivership was desired in order to provide means for the recovery of the properties of the corporation. In the

French Bank Case, 53 Cal. 495, the object was to have a receiver appointed to wind up the corporate business but the result was the same. People's Home Sav. Bank v. Superior Court of City & County of San Francisco, 103 Cal. 34, 36 Pac. 1015.

[4, 5] Even if it be assumed that from the standpoint of stockholders the fraudulent or negligent dissipation of assets of a corporation by its officers is a wrongful act of the corporation, for which stockholders may obtain relief in a suit against the corporation alone, still relief cannot be obtained in a suit whose ultimate object is receivership, for, apart from enabling statutes, a receiver is a person appointed by the court to preserve the property in question only pendente lite. Booth v. Clark, 17 How. 322, 331, 15 L. Ed. 164; High on Receivers (4th Ed.) § 1; Alderson on Receivers, § 2; Tardy's Smith on Receivers, § 2. Apart from statute, the appointment of a receiver is merely a remedy incidental and ancillary to the primary object of litigation, and cannot itself constitute such primary object. High on Receivers, § 6 says:

"* * * The remedy is a provisional or auxiliary one, invoked as an adjunct or aid of the principal relief sought by the action and never as the ultimate object of that action. The court must have jurisdiction independent of the receivership, and a receiver is never appointed, except as a measure in aid of the enforcement of some recognized equitable right."

Cases supporting this principle are numerous, and may be found collected in 34 Cyc. 29 et seq., 14a C. J. 942, 23 R. C. L. pp. 11, 12, and Fletcher on Corporations, § 5222. See, also, section 4091, at pages 7017 et seq. In Hitchcock v. American Pipe, etc., Co., 89 N. J. Eq. 440, 105 Atl. 655, it was said:

"It is too clear for argument that the appointment of a receiver is never justified except as incidental to other relief."

Judge Hale, in Zuber v. Micmac Gold Mining Co. (C. C.) 180 Fed. 625, said:

"A receivership cannot be held by this court to be final relief, and it cannot be made final by the suggestion that the receivers may bring suits, and in that way obtain some ultimate relief. The purpose of a receivership in equity is to be ancillary to, and in aid of, the primary object of the litigation. It cannot be the primary object of the litigation. The final relief sought by the bill cannot be made contingent upon the incidental relief of a receivership."

United States Shipbuilding Co. v. Conklin, 126 Fed. 132, 60 C. C. A. 680 (C. C. A. 3), is not, as I understand it, an authority sustaining a contrary principle. There is nothing in the report to indicate that the point was there presented. The suit was based in part upon a New Jersey statute (set out at length in M'Graw v. Mott, 179 Fed. 652, 103 C. C. A. 204), providing for the issuance of an injunction and the appointment of a receiver upon the application of a creditor or stockholder, if the corporation is insolvent and is not about to resume its business in a short time with safety to the public and advantage to the stockholders. Evidently the issuance of the injunction was the primary object, and receivership the ancillary relief sought by the suit.

Moreover, it must be observed that judicial statements to the effect that a receivership may properly be constituted, although the legitimate purposes of a corporation may not have become impossible of accomplishment, if the facts clearly disclose such fraudulent, willful, or reckless mismanagement of its business and affairs by its board of directors as to produce a conviction that further control of the corporation by the same board would result in the destruction of its business and insolvency, or cause great and unnecessary loss to its creditors or stockholders, but made in suits in which receivership is not the primary object, as in United States Shipbuilding Co. v. Conklin, supra, and Carson v. Allegany Window Glass Co. (C. C.) 189 Fed. 791, 796, are not authority in support of the contention that receivers may be so appointed without regard to the nature or ultimate object of the suit in which receivers are sought.

Columbia Nat. Sand D. Co. v. Washed Bar Sand D. Co. (C. C.) 136 Fed. 710, appears to have been the ordinary stockholders' suit to stop fraudulent and illegal transactions on the part of those in control of the company, to compel an accounting to the corporation by such persons, and to procure the cancellation of certain spurious stock. The persons thus charged with betrayals of their trust were made parties to the bill. A temporary receivership was clearly an authorized and appropriate incident to the ultimate relief thus sought. Aiken v. Colorado River Irr. Co. (C. C.) 72 Fed. 591. Ellis v. Penn Beef Co., 9 Del. Ch. 213, 80 Atl. 666, was also the ordinary stockholders' suit against the corporation and its alleged offending directors. Cancellation of the shares of stock of the individual defendants was its primary object. Receivership was sought in its true character, namely, as ancillary relief. True it is that at the time of the appointment of the receiver the individual defendants had neither been served with process nor entered a formal appearance, but the appointment was on an interlocutory application, and not on final hearing.

The complainants likewise rely on a number of Louisiana cases based upon a statute of that state which complainants assert is merely declaratory of pre-existing equitable rights. I think, however, that the declaratory nature of the statute has not been established, and I find this conclusion supported by Fletcher on Corporations, which, at page 8864, says:

"Probably the most liberal statute in this country in favor of the appointment of receivers is found in Louisiana. * * *"

Those cases, consequently, afford no assistance in the decision of the instant case.

[6] The complainants further contend, however, that in the instant case the appointment of a receiver is sought in aid of the enforcement of a recognized equitable right, and point to the eighth prayer of the bill of complaint, which reads thus:

"That at such time or times as may be found just and proper the property and assets of the defendant corporation may be ordered to be sold as an entirety, to be held, exercised, and enjoyed by the purchaser or in such parcels and in such places and in such manner and upon such terms and conditions as this court may deem just and equitable, and the proceeds of any such sale or sales distributed among those entitled thereto, or that the property of

the defendant corporation, after the satisfaction of the claims of the creditors, may be returned to it."

If, however, this court is without power in this suit to sell and distribute the corporate assets, receivers may not be appointed to aid in so doing. That this court has such power in receiverships under the Delaware statute is clear. Jones v. Mutual Fidelity Co. (C. C.) 123 Fed. 506; Carson v. Allegany Window Glass Co. (C. C.) 189 Fed. 791. But, the allegation of insolvency not having been established, the statutory power is not here available. The great weight of authority is to the effect that its inherent jurisdiction does not enable a court of equity, at the instance of a stockholder, to dissolve or wind up a corporation by the sale and distribution of all its assets, because of the mismanagement or fraud of its officers and stockholders. 39 L. R. A. (N. S.) 1032, note. In Vila v. Grand Island E. D. I. & C. S. Co., 68 Neb. 222, 97 N. W. 613, 63 L. R. A. 791, 110 Am. St. Rep. 400, 4 Ann. Cas. 59, an ably considered case, the court, quoting from Wallace v. Pierce-Wallace Pub. Co., 101 Iowa, 313, 70 N. W. 216, 38 L. R. A. 122, 63 Am. St. Rep. 389, said:

"It is certainly true that, in the absence of express statutory authority, jurisdiction of courts of equity does not exist over corporate bodies to such an extent as to justify them in dissolving corporations or in winding up their affairs and sequestrating their property. This seems to be so well settled that there is scarcely a dissenting voice in authority."

Moreover, I think it clear that the relief sought by the eighth prayer of the bill of complaint is relief incidental to receivership, and not the primary object of the suit.

[7] For the foregoing reasons I think that, without regard to the extent to which the allegations of fraud and mismanagement on the part of the individual defendants may be sustained by the evidence, this court is in this suit without power to appoint receivers of and for the defendant corporation, or to grant the complainants other relief. This conclusion must not, however, be understood to mean that stockholders of a Delaware corporation are remediless, if all its directors reside out of this state, and, in breach of their trust, manage the corporate affairs in their own interest, and not for the interest of the corporation and its stockholders. Shares of capital stock of a Delaware corporation are personal property (Rev. Code Del. 1915, § 1930), and have their situs in this state (Rev. Code Del. 1915, § 1986). A suit for the cancellation or specific recovery of such stock may be brought in this district and service had, under Judicial Code, § 57 (Comp. St. § 1039), on defendants residing elsewhere. Doherty v. McDowell (D. C.) 276 Fed. 728; Hodgman v. Atlantic Refining Co. (D. C.) 274 Fed. 104. That a stockholder may maintain in any jurisdiction where service may be had a stockholders' suit for the recovery of other assets of the corporation converted by directors to their own use seems also well settled. Fletcher on Corporations, vol. 8, p. 9692.

The bill of complaint must be dismissed.