EDWARDS et al. v. BAY STATE GAS CO. OF DELAWARE.

(Circuit Court, D. Delaware. November 9, 1898.)

No. 202.

1. CORPORATIONS—SUITS BY STOCKHOLDERS.
   Stockholders cannot maintain a suit in equity against the corporation alone where the matters of complaint are frauds or breaches of duty on the part of its officers, which are in reality wrongs against the defendant corporation.

2. SAME—GROUNDS FOR APPOINTMENT OF RECEIVER—MISCONDUCT OF OFFICERS.
   The fact that the officers and directors of a corporation have been guilty of participation in a wrongful abstraction of its property does not afford ground for the appointment of a receiver at suit of some of its stockholders, in order that such receiver may institute suit for the recovery of the property; but the rights of the corporation may be asserted and enforced in the suit by the stockholders themselves, by joining all the alleged wrongdoers with the corporation as defendants.

3. SAME—JOINDER OF CAUSES OF ACTION.
   A bill by stockholders against the corporation alone, to require it to answer and make disclosure as to matters respecting which it is not suable, but is substantially a plaintiff, cannot be rendered maintainable by joining other allegations, on which alone the bill might be maintained.

This is a suit in equity by Jacob Edwards and others, as stockholders, against the Bay State Gas Company of Delaware. On demurrer to bill.

C. Godfrey Patterson and J. H. Hoffecker, Jr., for complainants.
George Gray and H. H. Ward, for defendant.

DALLAS, Circuit Judge. This suit is brought by the several plaintiffs named, on behalf of themselves and of all other stockholders of the defendant corporation who may desire to join therein and contribute to the expense thereof. The sole defendant is the Bay State Gas Company of Delaware. In great part, if not wholly, the subjects of complaint are not wrongs committed by the corporation, but frauds or breaches of duty perpetrated against it by its officers; yet none of the persons participating in the wrongful acts complained of have been made parties to the proceeding, and the anomaly seems to be presented of a suit in which there is no substantial defendant. The corporation, though properly made a nominal defendant (see opinion this day filed in Weir v. Gas Co., 91 Fed. 940), is to be regarded as really the complainant. It seems, indeed, to be so regarded by the learned counsel for plaintiffs, for upon their brief it is said:

"The object and purpose of this suit is the appointment of a receiver of defendant company, whereby a means may be provided for the recovery of

the properties of said corporation. It is evident that such recovery may be obtained only through legal proceedings to be hereafter instituted by the receiver, the accounting also prayed herein being a necessary incident to enable such receiver to fulfill his full duty. While such legal proceedings might be instituted and maintained by the company itself, through its officers and directors, the admitted averments of the bill establish said officers and directors to be the wrongdoers, against whom (with others) such legal proceedings must be directed. The corporate management of defendant is still under the control of the persons guilty of and participating in the wrongful abstraction of the properties, and no request of said directors or officers has been made by complainants for bringing such suit on behalf of the corporation for such purpose, because such request would have been futile. The action, if brought, would not be conducted by them in good faith, nor would the court permit them, under the circumstances, to conduct the suit as against themselves."

The theory upon which it is sought to maintain this bill against the corporation alone may fairly be assumed to be that which is disclosed in the above extract. It is not, in my opinion, a tenable one. I cannot agree that, because the officers and directors of a corporation have been guilty of participation in a wrongful abstraction of its property, the corporation itself should be deprived of the possession of its assets, and its management and control be handed over to a receiver, at the suit of some of its stockholders. Surely, the corporation and the great body of its members ought not to be so dealt with merely because its officers have been culpable, without very grave necessity; and I cannot agree that a receivership is necessary in order that legal proceedings for the recovery of the property of this corporation may be instituted. On the contrary, conceding that its officers and directors could not be trusted to proceed on behalf of the corporation, I have no doubt that its rights, as alleged, might have been asserted and maintained by the present plaintiffs in precisely the manner which they have here adopted if they had made all the wrongdoers, including the offending officers, parties defendant.

It has been suggested in argument that a bill which is in part good and in part bad is not to be wholly dismissed upon general demurrer; and it is insisted that, at least to some extent, the case presented by this bill is one which entitles the plaintiffs to relief against the corporation itself. The principle of equity pleading here invoked is, I think, familiar and well settled; and it may be assumed, without so deciding, that the plaintiffs might, on some of their present allegations, maintain a bill against the corporation itself. But it is evident that the general object and purpose of the present suit is that which has been avowed, namely, "the recovery of the properties of said corporation"; and it would, I think, be a monstrous perversion of the rule above referred to, to hold that a defendant should be required to answer touching matters respecting which it is not suable, because with those matters there have been connected others, as to which that defendant might properly be required to respond. If the complainants really desire to hold the corporation to any liability which pertains solely to it, they should confine their complaint to the matters out of which such liability arises. They cannot make it a substantial plaintiff, and also the actual and only defendant, in one and the same suit. A bill distinctly exposing such a solecism would be not merely multifarious, it would be paradoxical.

The demurrer to the bill of complaint will be allowed; but the plaintiffs are accorded until December 5, 1898, to move, upon 48 hours' notice, for leave to amend their bill, under equity rule 35.