## MORSE et al. v. BAY STATE GAS CO. OF DELAWARE.

(Circuit Court, D. Delaware. November 9, 1898.)

1. CORPORATIONS—SUITS IN EQUITY AGAINST—PARTIES.

Where the entire real controversy to which a bill in equity against a corporation relates is between the complainants and the corporation, no other party is necessary, and the fact that defendant's officers are named in the prayer for relief does not make them parties, nor indicate that they should be parties, but merely imports that they should be required by the court to act on behalf of the corporation; but where it appears that the real matters of complaint are the alleged misconduct of the officers, and that the suit is at least in part against them, they must be joined.

2. SAME—EQUITY PLEADING—JOINDER OF CAUSES OF ACTION.

In a bill by stockholders against the corporation, though sued with others, matters of complaint against the corporation cannot be joined with complaints, in reality made in its behalf, against the other defendants.

This is a suit in equity by Godfrey Morse and others, on behalf of themselves and all other stockholders, against the Bay State Gas Company of Delaware. On demurrer to bill.

Samuel Dickson, B. L. M. Tower, and J. H. Hoffecker, Jr., for complainants.

J. H. Benton, Jr., George Gray, and H. H. Ward, for defendant.

DALLAS, Circuit Judge. The complainants in this case, alleging that they are bona fide owners and holders of 140 shares of the capital stock of the defendant corporation, have filed their bill of complaint against the Bay State Gas Company on behalf of themselves and all other persons similarly interested who may join therein and contribute their proportionate share of the expense. The bill has been demurred to, and the first question presented is the same as that which has been briefly discussed in the opinion this day filed in the case of Edwards et al. (as stockholders) against the same defendant. 91 Fed. 942. The facts alleged in the two cases are not the same, but, in my judgment, the same principles apply to and are controlling in both of them. If the entire real controversy to which the bill in this case relates were between the plaintiffs on the one side and the company as a corporate body on the other, no other person would be a necessary party to it. Such were the cases of Hatch v. Railway Co., 6 Blatchf. 105, Fed. Cas. No. 6,204, and Heath v. Railway Co., 8 Blatchf. 347, Fed. Cas. No. 6,306. It is undoubtedly true that a corporation may be compelled to answer a bill in equity, and that naming the officers of a corporation in prayers for relief which are really directed against the corporation itself does not make such officers parties, or necessarily indicate that they should be; but merely imports that, as the agents or servants of the corporation, they should be required to act

on its behalf as the court may direct. It is equally true, however, that wherever it appears that the complaint is not wholly against the company, but is in great part and substantially against its officers, the latter are themselves necessary parties; and, of course, any other persons whose interests it is sought to affect should also be joined.

The first four prayers of this bill are for an account of all moneys and other assets and property of every description received, held, or owned by the company since its incorporation, and of all income therefrom, and also of all payments and disposition of its moneys and other assets and property of every description since said date; for an injunction restraining the selling, transferring, mortgaging, pledging, or in any manner disposing of its moneys, assets, or property, and from removing the same from the district of Delaware, and also from disposing of, destroying, tampering with, or removing from said district any of its records, books of account, vouchers, documents, or other papers; for an order that said records, books of account, vouchers, documents, and other papers, and all moneys of the corporation, shall be deposited in some bank or trust company to abide the further order and direction of the court; for an order for the production and inspection of the company's records, etc., with leave to the complainants to examine and inspect the same by a competent accountant; and for the appointment of a receiver of the assets, effects, and credits, books and papers, of the defendant, to preserve the same until the final decree herein, and for the purpose of recovering by proper process such of its moneys and other assets and property as have been disposed of fraudulently, illegally, or without consideration, and to institute and prosecute such suits at law or in equity, or otherwise, as may be necessary or proper for the recovery, protection, or preservation of its property. The prayers from which this statement has been extracted are, in form, directed against the corporation itself, and, where its officers are expressly or impliedly referred to, it may, perhaps, be assumed that the pleader contemplated that it would be understood that they were referred to only as agents of the company. But no such conception of the meaning and intent of the prayers can be adopted as controlling where, upon examination of the whole bill, it appears that, under cover of asking relief against one person (in this instance the corporation), the real design is to obtain a decree affecting others (in this instance the corporation's officers); and upon examining the present bill it becomes manifest that J. Edwards Addicks and the other directors of the company are the persons actually charged with misconduct, and that the wrongs complained of were committed against, and not by, the company. Although, under the circumstances, the corporation has been properly named as a defendant, it is substantially the plaintiff; and to require it to account since the date of its incorporation, to refrain from dealing with its property, to deposit its assets, moneys, books, and papers in a bank or trust company, and, finally, to submit to a receivership, would be practically to dissolve it; and this at the suit of holders of a very small proportion of its entire capital stock, and merely because of frauds alleged to have been perpetrated by its managers. A proper regard for the rights of all other stockholders, as well as of Addicks and the others who are charged

with fraud or breach of trust, forbids any such action by the court. The stockholders generally should not be made to suffer for the wrongdoing of the officers of the company, and the latter have, themselves, an obvious interest in the controversy, of such a nature that no final decree can be made without affecting that interest, and therefore, upon fundamental principles of justice and equity, no such decree should be made in a suit to which they are not parties.

The only remaining prayer of the bill, exclusive of the prayer for general relief, is for an injunction to restrain "any transfer of any part of the forty-five million dollars of its [the defendant's] capital stock issued since the issue of the first five million dollars of its capital stock; and, if it appears that the same was issued fraudulently, and without consideration, and unlawfully, that the holders thereof acquiring the same with notice, be ordered and directed to surrender the certificates of shares held by them, respectively, for cancellation." That this prayer is directed, not against the corporation defendant, but against the holders of certain shares of its capital stock (supposed to be invalid), is obvious. Those holders have not been made parties, and yet the court is expressly asked to prevent any transfer of their stock, to decree its holders not to be stockholders, and to order them to surrender their certificates. I know of no principle upon which a court of equity could be justified in granting this prayer in a proceeding in which such stockholders, real or pretended, can have no opportunity to be heard.

The bill covers 17 printed pages, and the facts alleged and the charges made by it are numerous and complicated. I have carefully read and considered it throughout, but, having expressed my views respecting it so far as seems to be now requisite, I do not deem it necessary to protract this opinion by discussing it in detail. It may well be doubted whether in any part, or as to any particular, it discloses a case against the company as a corporate entity, but, even upon the assumption that the bill includes matters as to which the Bay State Gas Company alone might be required to answer, I do not perceive how, no matter what parties were added, it would be possible to join in one suit any complaint against the corporation with complaints made on its behalf. The demurrer to the bill of complaint will be allowed, but the plaintiff is accorded until December 5, 1898, to move, upon 48 hours' notice, for leave to amend his bill, under equity rule 35.