### ZUBER v. MICMAC GOLD MINING CO. et al.

(Circuit Court, D. Maine. August 8, 1910.)

No. 651.

1. RECEIVERS (§ 3*)—GROUNDS OF RECEIVERSHIP—REMEDY INCIDENTAL TO OTHER RELIEF.

To justify appointment of a receiver, some proper final relief in equity must be asked for in the bill, which will justify the court in proceeding with the case, and a receivership cannot be considered final relief because the receivers may bring suits, and in that way obtain some ultimate relief.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 3; Dec. Dig. § 3.*]

2. CORPORATIONS (§ 557*)—PROCEEDINGS FOR APPOINTMENT OF RECEIVER—SUFFICIENCY OF BILL.

A bill for a receiver for a mining company, alleging that certain persons owning a substantial majority of the stock in another company had fraudulently conspired to dispose of the property of such other company, and divide the proceeds among themselves, and had fraudulently contracted to organize the company for which a receiver was asked, and to issue and divide the stock among themselves, and alleging that the issue of stock in the new company was fraudulent, and that such persons as officers thereof had fraudulently caused the stock to be sold to the public to se-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cure the purchase money to be paid to the old company, and alleging gross mismanagement of the new company, praying that the receivers be appointed to manage its property, bring suits against the old company to recover the fraudulently issued stock in the new company, and for an injunction against the new company from transacting further business, paying its debts or transferring its property, but not praying for a cancellation of the alleged fraudulent contract nor for the winding up of the corporation, nor for the aid of the court in putting back the parties as nearly as possible in the position in which the persons alleged to have acted fraudulently, had found them, nor for any specific relief, and not joining as parties such persons, though it prayed that a writ of subpœna might issue against them to make them parties if they should come within the jurisdiction, is insufficient as praying for no ultimate relief.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2227–2236; Dec. Dig. § 557.*]

In Equity. Bill by Michael Zuber against the Micmac Gold Mining Company and others. Bill dismissed.

Lewis & Carpenter and Charles F. Johnson, for complainant.
Verrill, Hale & Booth, for respondents.

HALE, District Judge. This case now comes before the court on final hearing upon bill, answer, replication, and proofs. The complainant, a citizen of Maryland, brings this bill of complaint against two mining corporations, citizens of Maine. It alleges that Thomas W. Moore and certain associates, citizens of Massachusetts, owned a substantial majority of stock in the Micmac Mining Company, and that they fraudulently conspired with one Phil H. Moore to dispose of the property in that company for $166,666 and to divide the proceeds among themselves; that they entered into a certain fraudulent contract to organize a new company called the Micmac Gold Mining Company, and to issue and divide the stock among themselves. The bill alleges that the issue of the stock in this new company was fraudulent; that Thomas W. Moore and his associates, as officers of the new company, fraudulently caused stock to be sold to the public for the purpose of securing the purchase money to be paid to the old company. The bill further alleges gross mismanagement of the Micmac Gold Mining Company, and prays that receivers be appointed to manage its property, and to bring suits against the Micmac Mining Company, its officers and stockholders, for the purpose of recovering the fraudulently issued stock in the new company. It prays also for an injunction against the Micmac Gold Mining Company from transacting any further business, or paying its debts, or transferring any of its property; and generally for other and further relief. The bill does not pray for a cancellation of the alleged fraudulent contract nor for the winding up of either corporation, nor for the aid of the court in putting back the parties as nearly as possible in the position in which Thomas W. Moore and his associates found them, nor for any specific relief; nor does it join as parties Thomas W. Moore and his associates; although it prays that a writ of subpœna may issue against them to make them parties if they should come

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

within the jurisdiction. Both the pleadings and the proofs disclose a sharp controversy on questions of fact. Before passing upon these questions it is the duty of the court to consider the character of the bill now before it. Its whole purpose is manifestly to obtain a receiver. In this district, in Hutchinson v. American Palace-Car Co. (C. C.) 104 Fed. 182, 185, Judge Putnam has stated the three essential conditions, compliance with which is necessary to justify the appointment of a receiver:

"First, that the case be fairly within the jurisdiction of the court having in view both the limited jurisdicton of federal tribunals and the true nature of proceedings in equity; second, that some proper final relief in equity be asked for in the bill which will justify the court in proceeding with the case; and, third, that the circumstances calling for a receiver be of a clear and urgent character."

Judge Putnam further observes that upon application for receivership, even though the parties have already agreed upon a receiver, the court is not relieved from looking at the question of jurisdiction, and from inquiring whether the application for receivership is really with the view of obtaining final relief, or merely for the purpose of securing a receivership for the mere sake of a receivership. He adds that, when the subject-matter is of itself of an equitable nature, certain conditions which might be availed of to defeat jurisdiction may be waived, citing Hollins v. Iron Company, 150 U. S. 371, 14 Sup. Ct. 127, 37 L. Ed. 1113. But I find no conditions stated in that case which affect in any way the questions now before me. In the case at bar there is no final relief asked for in the bill. A receivership cannot be held by this court to be final relief; and it cannot be made final by the suggestion that the receivers may bring suits, and in that way obtain some ultimate relief. The purpose of a receivership in equity is to be ancillary to, and in aid of, the primary object of the litigation. It cannot be the primary object of the litigation. The final relief sought by the bill cannot be made contingent upon the incidental relief of a receivership. Many cases have held that where the complainant has prayed for some final relief, and it is found that he is not entitled to the specific relief prayed for, he may nevertheless have other relief consistent with the proofs.

In the case before me there is no ultimate relief prayed for. Although the attention of counsel was expressly called to this matter at the final hearing, they have failed to point out any proper ultimate relief which this court can grant, even though their allegations of facts should be found to be true. And it is not evident from the pleadings, or from the proofs, what final relief could properly be asked for. In the present aspect of the case it is not fitting to enter upon the discussion of the proofs, or to decide whether or not they sustain the allegations of the bill; nor is it necessary to decide whether the bill presents all the parties affected by the subject-matter in controversy, or whether a decree for full and final relief could be passed with the present parties to the bill; nor is it necessary to pass upon other defenses raised by the learned counsel for the respondents. The court can only pass upon the bill as it finds it. In view of the rule an-

nounced by Judge Putnam in the Hutchinson Case, and in accordance with general equitable principles, I must hold that the bill before me does not contain such prayer for proper final relief as will justify the ·court in proceeding with the case.

The bill is dismissed, with costs for the respondents.