GERALD R. HOPPER,

*vs.*

FESLER SALES COMPANY.

*New Castle, Nov. 22, 1916.*

Where a bill praying appointment of receiver for a corporation stated that the suit was against the corporation, it cannot be deemed a suit against the officers, though mentioning their improper acts.

Interrogatories, relating to immaterial allegations in a bill, while objectionable, do not affect the bill.

A bill praying the appointment of a receiver of a corporation on the ground of insolvency alleged mismanagement on the part of the corporate officers in a number of particulars. Interrogatories were attached to the bill, requiring answers by the officers, and a large number of them related to the charge of mismanagement. Only the corporation was served, and the bill stated that the suit was against the corporation. *Held,* that as no relief against the officers was sought and as the charges relating to mismanagement would explain the insolvency, the bill should not be deemed multifarious by reason of the allegations as to mismanagement and the interrogatories relating thereto, for if the interrogatories relate to immaterial allegations, they are objectionable, and do not affect the bill.

BILL IN EQUITY. The complainant seeks the appointment of a receiver on grounds of insolvency, and among other things alleges mismanagement by certain officers of the affairs of the company. A demurrer on behalf of the defendant was filed, in which it was claimed that the bill was multifarious, and the cause was heard on bill and demurrer. The facts are sufficiently stated in the opinion of the Chancellor.

*Robert Pennington,* for the complainant.
*James I. Boyce,* for the defendant.

THE CHANCELLOR. The bill is filed by a stockholder against the corporation which was organized, among other

things, to manufacture and sell a certain kind of shaving brush, and charges that it has not at any time since its incorporation engaged in the business for which it was incorporated, except in a very small way, but that the officers of the company have devoted practically all their time to selling shares of stock of the company instead of carrying into effect the legitimate objects of the corporation. It is also charged that the officers of the company have been and now are grossly mismanaging its affairs by using its funds in their own interests, without stating the particulars of the charges by naming the officers or the acts done by them. It is also charged that the company is insolvent, in that it is unable to pay its debts as they become due in the ordinary course of business, and is for that reason unable to continue its business. A financial statement as of October 1, 1915, issued by the company is set out with the allegation that the values of the assets are grossly misstated and overvalued. A further allegation is that a receiver is necessary in order to preserve and liquidate the assets and pay the creditors of the company. The bill prays that the company be adjudged to be insolvent; that the person who is president and the person who is secretary and the treasurer answer the bill and interrogatories appended thereto; that a receiver be appointed; and that a subpoena issue to the company and to the president and the secretary and treasurer requiring it and them to answer the bill and interrogatories.

Of the interrogatories appended to the bill, few relate to the question of solvency, and the most of them relate to other charges in the bill as to mismanagement, and the company and the named officers are required to answer all of the interrogatories. The subpoena has been served on the company and only the company has appeared in the cause.

A demurrer to the bill has been filed by the company based on its being multifarious in that it joins complaints against the corporation with complaints which could be made on behalf of the corporation against its officers. There is no prayer in the bill that the officers who have mismanaged the affairs of the company, or used its moneys for their own benefit should make restitution for their unlawful acts. The misuse

of the property of the company and the mismanagement of its affairs are stated rather as reasons why the corporation is insolvent than as affording a basis for relief against the offending officers in favor of the company. It was evidently contemplated that a receiver when appointed would enforce the rights of the company against the unfaithful officers.

It is clear that the two persons named as officers and who are required to answer the bill and the interrogatories, are not made parties defendant in the suit, for whatever inference on the subject may be drawn from their being required to answer the bill and the interrogatories, it is distinctly stated in the bill that the suit is against the corporation. *Morse v. Bay State Gas Co.*, *(C. C.)* 91 *Fed.* 944. Furthermore, the individuals have not been served and have not appeared, and so are not now and may never be before the court. No decree can be awarded against them, or against any one but the company. The interrogatories cannot make the bill multifarious. If they relate to allegations in the bill which are immaterial they are objectionable, and do not affect the bill.

The question, therefore, resolves itself to this: Is a bill brought solely against a corporation, which alleges insolvency of the corporation and charges in general language gross mismanagenent and misuse of its property by its officers in general, without naming or making parties the individual officers, or seeking relief against them, and which prays for the appointment of a receiver, multifarious for the joinder of distinct and independent matters in one bill? The fault alleged is a misjoinder of causes against a single defendant and not a joinder of distinct matters against several defendants.

In *Mahoney, et al., v. Healy, et al.*, 9. *Del. Ch.* 273, 81 *Atl.* 583, one test was applied to ascertain whether a bill was multifarious, viz: Could one defense be made to the whole of it? That test was rightly applied there because though the defendent was sued in several capacities, yet one defense was available for her in each capacity; and the bill related to property which came to the defendant in several capacities from one source. That test may not be fair or practicable in cases where there is a single defendant and the bill has several independent causes of action.

A cause of action against a corporation, such as a receivership based on its insolvency, cannot be combined with a cause for the benefit of the corporation, such as a right to require unfaithful officers to make restitution to the corporation. Here however, the only prayer of the bill is that the company be adjudged to be insolvent and that a receiver be appointed to wind up its affairs. Insolvency, then, is the sole equity of the bill, and the only issue raised thereby, and the allegations as to official misconduct do not furnish any reason for the appointment of a receiver. They may explain the insolvency of the company, but the causes for insolvency are immaterial.

The cases cited by the defendant, *Edwards v. Bay State Gas Co.*, (*C. C.*) 91 *Fed.* 942, and *Morse v. Bay State Gas Co.*, (*C. C.*) 91 *Fed.* 944, were quite different from the case here. In neither was there a charge of insolvency, nor a claim for a receiver based thereon, and the receivership was in each case only incidental to the main purpose and a means for the accomplishment thereof. Here the appointment of a receiver on the basis of insolvency is the main and only real relief properly sought by the bill, and the allegations as to mismanagement being immaterial cannot make the bill multifarious.

Categorically answering the inquiry at the beginning hereof, it is clear that the bill is not demurrable for multifariousness, or as joining distinct and independent matters in one bill.

The demurrer will be overruled, and the defendant be required to plead to or answer the bill within a time to be fixed in the order.