MORRIS J. GREENE, a Beneficiary under the Trust Mortgage Executed by the NEW YORK UNITED HOTELS, INC., and a Bondholder Suing on Behalf of Himself and All Other Trust Beneficiaries and Bondholders Similarly Situated, Respondent, *v.* NEW YORK UNITED HOTELS, INC., Appellant, Impleaded with CENTRAL HANOVER BANK AND TRUST COMPANY, Defendant.

First Department, November 18, 1932.

*Hiram C. Todd* of counsel [*Clifton Cooper* with him on the brief; *Loucks & Cullen*, attorneys], for the appellant.

*Samuel Hoffman* of counsel [*Enos S. Booth* with him on the brief], for the respondent.

TOWNLEY, J.   These appeals bring up for review an order denying a motion to dismiss the complaint and an order appointing a receiver of the defendant New York United Hotels, Inc.   Plaintiff is the holder of five debenture bonds secured by a trust mortgage upon the property of the New York United Hotels, Inc.   Coupons maturing upon these bonds on April 1, 1932, were not paid.   Plaintiff as a creditor to the extent of his unpaid coupons brought this action on behalf of himself and other bondholders similarly situated. The relief demanded in the complaint is the appointment of a receiver "both permanent and temporary over so much of the property of the defendant, New York United Hotels, Inc., as is necessary to insure the payment of interest upon bonds executed by such defendant."   The trust agreement is incorporated by reference into the complaint and a copy was furnished this court upon the argument of these appeals.   This trust agreement contains the following provision: "In order to promote and protect the equal and ratable rights of every holder of the Debentures and to avoid multiplicity of suits, all the Debentures shall be subject to the condition that no holder of any Debenture or coupon appertaining thereto shall have any right to institute any action, at law or in equity, under or growing out of any provision of this Indenture, or for the enforcement thereof, unless and until the Trustee shall refuse or neglect to institute proper proceedings by way of remedy within a reasonable time after request of the holders of at least twenty-five per cent in principal amount of the Debentures then outstanding, filed with the Trustee, with offer of indemnity satisfactory to the Trustee; and any recovery in any action or proceeding instituted by the holder of any Debenture or appurtenant coupon shall be for the equal *pro rata* benefit of all outstanding Debentures and coupons similarly situated   *   *   *."

The plaintiff as a bondholder holds his securities subject to the condition of this underlying trust agreement and can maintain an action only upon the conditions specified in the trust agreement. (*Krepchin* v. *Barclay-Arrow Holding Corp.*, N. Y. L. J. Oct. 8, 1932.)   The complaint contains no allegations showing compliance with these provisions of the trust agreement.   The plaintiff as an individual creditor holding this small number of bonds had no capacity to maintain this action and his complaint should have been dismissed.

The complaint is also fundamentally defective because the only relief demanded is the appointment of a receiver. The jurisdiction exercised by courts of equity to appoint receivers is exercised to prevent injury to the thing in controversy and to preserve it for the security of all parties in interest to be disposed of as the court may finally direct. From its very nature the remedy is provisional. It never is the ultimate object of the action. (See High Receivers [4th ed], §§ 4 and 6, and cases there cited; *Zuber* v. *Micmac Gold Mining Co.*, 180 Fed. 625; *United States* v. *Sloan Shipyards Corporation*, 270 id. 613; *Mabon* v. *Ongley Electric Co.*, 156 N. Y. 196.)

These defects in the complaint necessitate a reversal of the order, with twenty dollars costs and disbursements, and a granting of the motion dismissing the complaint, with ten dollars costs.

The dismissal of the complaint also requires a reversal of the order appointing a receiver, with twenty dollars costs and disbursements, and the denial of the motion, with ten dollars costs.

FINCH, P. J., MARTIN and O'MALLEY, JJ., concur; McAVOY, J., taking no part.

Order entered July 22, 1932, denying motion to dismiss the complaint reversed, with twenty dollars costs and disbursements and motion granted, with ten dollars costs.

Order entered August 2, 1932, appointing a receiver reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.