RELMAR HOLDING COMPANY, INC., Plaintiff, *v.* PARAMOUNT PUBLIX CORPORATION and Others, Defendants.*

Supreme Court, New York County, December 6, 1932.

*Emily Marx*, for the plaintiff.

*Cravath, de Gersdorff, Swaine & Wood* [*William D. Whitney* of counsel], for the defendants.

WASSERVOGEL, J. Defendants move to compel plaintiff to reply to a defense set forth in the answer. Plaintiff by cross-motion seeks to strike out the defense on the ground that it is insufficient in law. Plaintiff, in behalf of itself and " all other bondholders of the Paramount Publix Corporation, similarly situated," complains of the agreement under which Paramount Corporation sold to certain

banks upwards of $13,000,000 of notes of its subsidiary, Film Production Corporation, in order to provide funds to pay pre-existing bank loans and to meet current requirements. It is claimed that the transaction violates a trust indenture which provides: " So long as any of the bonds shall be outstanding, the corporation will not create, or permit the creation of, any mortgage or other lien upon any property or assets directly owned by the corporation, without equally and ratably securing the bonds thereunder." Plaintiff is the holder of bonds issued under a trust indenture to the Chase National Bank as trustee. It is not claimed that a default has occurred with respect to any payment to plaintiff. The defense challenged alleges that the indenture referred to provides: " In order to promote and protect the equal ratable right of every holder of the bonds and to avoid multiplicity of suits, all the bonds shall be subject to the condition that all rights of action thereon, or in respect thereof, or on or in respect of the coupons thereto appertaining, are vested exclusively in the trustee under this indenture, and that no holder of any bond or coupon appertaining thereto shall have any right to institute any action, at law or in equity, upon the bonds or any of the appurtenant coupons, or growing out of any provision thereof, or of this indenture, or for the enforcement of this indenture unless and until the trustee shall refuse or neglect to institute proper proceedings by way of remedy within a reasonable time after request of the holders of one-fourth in amount of the bonds then outstanding, filed with the trustee, with offer of reasonable indemnity." It is conceded in plaintiff's behalf that holders of twenty-five per cent of the outstanding bonds have not requested the trustees of the indenture to bring this or any similar action. I cannot agree with the contention of plaintiff that the provision of the indenture referred to is against public policy. In the recent case of *Greene* v. *New York United Hotels, Inc.* (236 App. Div. 647), it was held that where the trust indenture contains a provision in regard to demand on a trustee by twenty-five per cent in amount of the bonds, " The plaintiff as a bondholder holds his securities subject to the condition of this underlying trust agreement and can maintain an action only upon the conditions specified in the trust agreement. (*Krepchin* v. *Barclay-Arrow Holding Corp.*, 236 App. Div. 777.) The complaint contains no allegations showing compliance with these provisions of the trust agreement. The plaintiff as an individual creditor holding this small number of bonds had no capacity to maintain this action and his complaint should have been dismissed." The motion to strike out the defense is denied. The motion to compel service of a reply is granted. Settle order.