**ISAAC v. MILTON MFG. CO. et al.**
**No. 210.**

District Court, M. D. Pennsylvania.
June 29, 1940.

Charles C. Lark, of Shamokin, Pa., and Charles J. Stamler, of Elizabeth, N. J., for plaintiff.

Seth T. McCormick, Jr., of Williamsport, Pa., and Frederick V. Follmer, of Milton, Pa., for defendants.

Harry S. Knight, of Sunbury, Pa., for intervening stockholders.

JOHNSON, District Judge.

July 31, 1939, complaint was filed against the Milton Manufacturing Company and the above-named officers, charging misconduct and mismanagement by the directors. Defendants moved to dismiss the complaint, whereupon plaintiff filed an amended com-

plaint in which the only substantial change was the addition of a prayer for an accounting of dividends declared and paid, of assets and liabilities of the company, of the sale of its assets, and generally, of all the financial transactions of the Board of Directors and its officers from the time of the company's reorganization in 1928 until the present time. The case is now before the court on motion to dismiss the amended complaint.

The motion to dismiss states four grounds: (1) the amended complaint does not comply with Rule 23 (b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c; (2) the appointment of a receiver is asked for an indefinite period and not as ancillary relief to some other object; (3) the matters of accounting requested pray for no ultimate relief upon which a final decree may be founded; (4) the plaintiff in effect asks for removal of directors who are not defendants, and for the removal of whom there is a complete and adequate remedy in the courts of the Commonwealth of Pennsylvania.

The first question to be determined is whether this court has jurisdiction of the parties and of the cause of action. The requisite diversity of citizenship and the jurisdictional amount in controversy are shown by the record and unchallenged. There is no doubt the court has jurisdiction of the parties. The objection that the bill does not make a case properly cognizable in a court of equity does not go to this court's jurisdiction as a federal court. Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 500, 43 S.Ct. 454, 67 L.Ed. 763; Smith v. McKay, 161 U.S. 355, 16 S.Ct. 490, 40 L.Ed. 731; Blythe v. Hinckley, 173 U.S. 501, 19 S.Ct. 497, 43 L.Ed. 783; Gordon v. Washington, 295 U.S. 30, 35, 55 S.Ct. 584, 79 L.Ed. 1282; Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed 841, 96 A.L.R. 1166. Plaintiff has sustained his burden of showing the jurisdiction of this court as a federal court.

The second question is whether the complaint states a cause of action cognizable in a court of equity. This involves two points: first, whether the allegations of the complaint are sufficient to justify the appointment of a receiver, and secondly, whether the allegations are sufficient to sustain the prayer for an accounting.

The prayers of the bill are for the appointment of a receiver, for an injunction restraining the defendant corporation from exercising any of its rights or franchises or dealing with any of its property or assets except to turn them over to a receiver appointed by this court, for authority to the receiver to continue the business, for an accounting by the defendants "of the improper declaration and payment of dividends; of the assets and liabilities of the Milton Manufacturing Company, its gains and losses, of the sale of its assets and generally, of all the financial transactions of the Board of Directors and its officers from the time of reorganizing the defendant company to the present time", and for such further relief as the nature of the case may require. In brief, the complaint asks two things—the appointment of a receiver and an accounting.

A receivership is not final relief. The appointment determines no substantive right, nor is it a step in the determination of such a right. A receivership is only a means to reach some legitimate end sought through the exercise of the extraordinary powers of a court of equity. It is not an end in itself. Where a final decree involving the disposition of property is appropriately asked, the court in its discretion may appoint a receiver pending its final disposition, but to justify a court of equity in appointing a receiver for a corporation, it is essential that the bill should, entitle the complainant to some final equitable relief to which the receivership is appropriately incidental. There is no occasion for a court of equity to appoint a receiver of property of which it is asked to make no further disposition. Pusey & Jones Co. v Hanssen, 261 U.S. 491, 497, 43 S.Ct. 454, 67 L.Ed. 763; Gordon v. Washington, 295 U.S. 30, 36, 37, 55 S.Ct. 584, 79 L.Ed. 1282; Booth v. Clark, 17 How. 322, 331, 15 L.Ed. 164; Hutchinson v. American Palace-Car Co., C.C., 104 F. 182; Zuber v. Micmac Gold Mining Co. et al., C.C., 180 F. 625, 627; Burton v. Carey, 9 Cir., 82 F.2d 657, 660.

There is no final relief sought in the present bill to which a prayer for a receiver is properly incidental. There is no request for a final decree involving disposition of property of the corporation. The only relief asked in addition to the appointment of a receiver, is an accounting of past acts and transactions of the directors. The outcome of the prayer for an accounting would not involve the making

by this court of any final decree for the disposition of the assets and property sought to be placed in the hands of a receiver, and, as already stated, the settled law is that a receiver is properly appointed only where the bill contemplates a final decree disposing of the property to be placed in the receiver's hands. Cases, supra, and Edwards v. Bay State Gas Co. of Delaware, C. C., 91 F. 942, 943.

Therefore, the several prayers for a receiver, for certain powers to him, and for an injunction restraining the corporation from exercising dominion over its property and assets are not properly in this bill, and a receiver could not be appointed on the basis of the allegations of the amended complaint.

The next question is whether the complaint avers facts which would entitle plaintiff to the accounting prayed for.

The prayer for an accounting asks "that the defendants be required to render an account of the improper declaration and payment of dividends; of the assets and liabilities of the Milton Manufacturing Company, its gains and losses, of the sale of its assets and generally, of all the financial transactions of the Board of Directors and its officers from the time of reorganizing the defendant company to the present time". The corporation was reorganized in 1928, and plaintiff asks an account of virtually every business transaction of the corporation in the past eleven years.

The law is well settled in Pennsylvania that where an account is asked of past acts, receipts and disbursements, the bill should aver that the plaintiff communicated to the directors that the monthly or annual accounts received were erroneous or false, that he requested the directors to proceed to have an accounting on the basis of the erroneous accounts rendered. Wolf v. Pennsylvania Railroad et al., 195 Pa. 91, 45 A. 936.

In the case of Passmore v. Allentown & Reading Traction Co., 267 Pa. 356, 110 A. 240, 241, a bill was filed by a single stockholder for an accounting and for the appointment of a receiver. After recognizing the duty on the stockholder first to make demand for action from the corporate board of directors before himself instituting legal action against the corporation, the court said: "[When a demand is made by a stockholder preparatory to filing a bill], statements should be presented [to the directors], showing the wrong complained of, * * * facts essential to sustain a complaint of wrongdoing should be submitted. Mere general charges and blanket averments, without a statement of facts, will not be sufficient. * * * Sufficient responsible data should be given to enable [the directors] * * * to determine [whether litigation (could be engaged in)] with some hope of success."

The same rule of reason applies where one stockholder demands that the voting stockholders in a corporation take appropriate action against directors charged with improper conduct. The stockholder or stockholders who make demands of the proper corporate bodies must state facts, not mere general charges and conclusions, or their demand for action will be a nullity.

The only demand on corporate directors and shareholders for action in the present case is that disclosed in a letter which another stockholder, not now plaintiff, presented at a meeting of the board of directors and at an annual stockholders' meeting. The letter reads as follows:

"To the Stockholders and Directors of the Milton Manufacturing Company, Milton, Pennsylvania:

"Gentlemen:

"The undersigned stockholders of the Milton Manufacturing Company desire to bring to your attention the following matters which we deem detrimental to the company and the stockholders thereof, and ask that steps be taken by the stockholders and by the Board of Directors which may be elected at the annual meeting on March 23, 1939, to wit:—

"1. The Company now employs seventy-one persons who are paid a monthly or weekly salary whether the plant of the company is in operation or not, and whether or not there is any work to be done by them.

"It is the contention of the undersigned stockholders in your company that there are entirely too many overhead employees receiving salaries for time which they are not actually employed, which number is entirely disproportionate to the total number of employees and the tonnage production of the company.

"It is requested that steps be taken by the Stockholders and the Board of Directors

to immediately rid the company of all unnecessary overhead employees.

"2. It is requested that no dividends of any kind be paid on any class of stock until the earnings of the company and its financial condition warrant such payment.

"3. We request the Stockholders and Board of Directors to immediately take steps to rid the company of inefficient employees, officers and directors.

"4. We request that the voting Stockholders take steps to procure from the officers and the Board of Directors an accurate account of all plant assets sold by the company since December 31, 1928 and December 31, 1938, and the proceeds thereof, which account shall show how said proceeds were disposed of.

"5. That the voting stockholders take immediate steps to obtain an account from the officers and Board of Directors of the so-called paid in surplus and earned surplus and what became of the same and how it was dissipated from the reorganization of the company to the present time.

"6. That the voting stockholders take steps to recover from the party or parties responsible the monies of the company illegally spent and the value of its assets illegally dissipated.

"7. That the voting Stockholders take immediate steps to vest voting privileges in the second preferred stockholders and the common stockholders.

"Arthur Criswell
Merrill Minium
Mrs. Kathryn Coates
Robert M. Correy
J. O. Shields
Richard I. Miller
Morman Bucher, Estate
Pete Pappas
George Pappas

George S. Shimer
D. R. Rothrock, M. D.
Libba S. Shimer, Estate
S. H. Reichley
Frank S. Caul
Wm. H. Coup, Estate
Thomas Bogart
C. W. Hartman
Lee R. Heffelfinger
David G. Huggins
Laura V. Geissinger, Estate
W. G. Strine
Maude Galbraith
Luther W. Gehrig
H. A. Dieffenderfer
Mrs. A. Weary
H. M. Dentler
J. L. Vogt".

■■ The above letter not only fails to state any facts upon which its charges are based, but it also fails to make any charges of misconduct on the part of directors and officers except by mere implication. If the board of directors and the stockholders of corporations were required to investigate and act on complaints of a small group framed as the above, they would be continually harassed by similar letters from minority shareholders whose sole complaint was dissatisfaction with a course of conduct which might actually be perfectly sound in the exercise of good business judgment. The courts will not require that minority shareholders minutely detail all facts upon which they base their demands for corporate action of directors and shareholders, for in certain circumstances that would place an unreasonable burden upon them. However, in the administration of justice the courts will require those minority complainants to state sufficient facts to put the directors and other stockholders on notice that there is at least a probability of truth in the matters complained of. The above letter contains not one statement of fact upon which to base any of the charges of misconduct found in the complaint filed in this court.

Since plaintiff has failed to exercise good faith in an honest effort to secure from the directors and voting stockholders the account prayed for in this court, the conscience of this court as a court of equity will not be moved to aid him, and the prayer for an account will be denied.

■■ Furthermore, the plaintiff avers under oath that he was a stockholder at the time of all acts complained of in his present bill. In other words, he has over a period of eleven years stood by and seen acts occurring which he now alleges are wrongful, and yet has not sought redress during that period. Such must be the assumption, for, where ignorance of rights or wrongs is relied on to account for laches, this fact must be plainly alleged in the bill. A general averment of plaintiff's ignorance of his rights is insufficient; he must allege why he was so long in ignorance and the means to keep him so, and must acquit himself of all knowledge of the facts which would put him on inquiry. First National Bank of Pittston v. Lytle Coal Co., 332 Pa. 394, 398, 3 A.2d 350; Patton v. Commonwealth Trust Co., 276 Pa. 95, 119 A. 834. Nothing will call a court of equity into activity but conscience, good faith and reasonable diligence: Kinter v. Commonwealth Trust Co., 274 Pa. 436, 437, 118 A. 392; First National Bank of Pittston v. Lytle Coal Co., 332 Pa. 394, 397, 3 A.2d 350. It has been held that where a party having the right to set aside a transaction stands by and sees another dealing with the

property in a manner inconsistent with his alleged claims and makes no objection, a delay of six years will bar suit in equity. Brown v. Kemmerer, 214 Pa. 521, 63 A. 822; First National Bank of Pittston, v. Lytle Coal Co., 332 Pa. 394, 396, 3 A.2d 350.

In the present case the plaintiff has not acted with good faith and diligence, and he avers no reason at all for his delay over a period of eleven years during which the acts complained of were allegedly committed.

In a somewhat similar case (Clark v. National Linseed Oil Co., 7 Cir., 105 F. 787) the court, after discussing the various grounds upon which it ordered dismissal of the bill, aptly remarked: "[Arguments against a stockholders' bill in equity that] would be cogent, had all the stockholders, or a large proportion of them joined * * * in [the] attack upon the president and directors * * * are still more cogent, when it is borne in mind that ninety-seven per cent. of the stockholders refuse such an alliance. Is it not probable that the ninety-seven knew, as well as the three, the details of these transactions? Is it probable that they would acquiesce in the misconduct alleged—misconduct so harmful to their interests? Under circumstances like these, there should be the clearest and most convincing presentation, in the affidavit, of the facts—each material one within the personal knowledge of the witness—to justify the court in disregarding the judgment of the ninety-seven, in an effort to meet the wishes of the three." Clark v. National Linseed Oil Co., supra, 105 F. at page 794.

What was there said is applicable to the present case. While it is true that a court of equity will guard with equal jealousy the rights of the smallest minority as well as the rights asserted by a larger group, it, nevertheless, adds weight to the position of the defendants where a large number of the group whose rights are allegedly infringed, refuse to join in the suit to protect and recover their interests. In the present action no stockholders have availed themselves of the opportunity to join with the plaintiff, who is the owner of 1/1000 of 1 per cent. of the outstanding second preferred stock and of 1/1000 of 1 per cent. of the outstanding common stock. On the other hand certain shareholders have intervened with leave of court on behalf of the defendants, these intervening shareholders owning 91.8% of the outstanding first preferred stock, 45.7% of the outstanding second preferred stock, and 64.9% of the outstanding common stock. With this state of the record, it is incumbent upon the plaintiff to state in his complaint the clearest and most convincing facts in support of his case, for the court will not assume that the large percentage of shareholders who have joined on behalf of the defendants have joined for any other reason than because they have investigated the complaints made, found their rights not infringed, and, therefore, wish to place their weight on the side which to their minds represents justice. The complaint does not aver facts entitling plaintiff to the accounting prayed for.

Even if the complaint in this case disclosed a cause of action ordinarily cognizable in this court as a court of equity, there are two defects of procedure which would cause the dismissal of the bill.

First, all the acts of misconduct and mismanagement alleged in the complaint are wrongs charged to have been committed by the directors of the corporation, and yet not one director has been made a party defendant in the action. The corporation itself and four officers are the defendants, where actually the corporation is the substantial plaintiff, and the officers could not be called upon to account for the wrongful acts of the directors in managing the business. The case of Edwards et al. v. Bay State Gas Co., of Delaware, C.C., 91 F. 942, presents facts very similar to those of the present case. There the court said in dismissing the bill: "The subjects of complaint are not wrongs committed by the corporation, but frauds or breaches of duty perpetrated against it by its officers; yet none of the persons participating in the wrongful acts complained of have been made parties to the proceeding, and the anomoly seems to be presented of a suit in which there is no substantial defendant. The corporation, though properly made a nominal defendant * * *, is to be regarded as really the complainant. * * * They [the plaintiffs] cannot make it a substantial plaintiff, and also the actual and only defendant, in one and the same suit. A bill distinctly exposing such a solecism would be not merely multifarious, it would be paradoxical." Edwards et al. v. Bay State Gas Co. of Delaware, supra, 91 F. at pages 942, 943; Morse et al. v. Bay

738

State Gas Co. of Delaware, C.C., 91 F. 944.

The present case is exactly similar. None of the parties charged with wrongdoing have been joined, the corporation is in fact the substantial plaintiff, and the only remaining defendants—the officers—cannot be required to answer for the wrongdoing of directors over whom they have no authority or control. This total absence of a substantial defendant would compel a court of equity to dismiss the complaint.

Secondly, plaintiff has not complied with Rule 23 (b) of the Federal Rules of Civil Procedure. This rule requires that in an action brought to enforce a secondary right on the part of one or more shareholders because the corporation refuses to enforce rights which may properly be asserted by it, the complaint shall set forth with particularity the efforts of the plaintiff to secure from the managing directors and, if necessary from the shareholders, such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort.

Paragraphs 59, 60 and 61 of the complaint are pointed to by the plaintiff as proof of compliance with Rule 23 (b). Those paragraphs recite that George S. Shimer, no party to this suit, appeared before shareholders' and directors' meetings and sought relief of the matters now complained of by presenting at such times a written communication in the form of a letter, a copy of which has been set forth in full in an earlier part of this opinion. Plaintiff asserts that no relief was forthcoming from the requests in this letter, and that therefore, a request by the present plaintiff would be futile and would be excused under Rule 23 (b).

As already pointed out, the letter states no facts, and makes charges only by mere implication. On the other hand this complaint lists twelve grounds, alleging creation of fictitious and non-existent surplus, unlawful declaration and payment of dividends, failure to deposit with trustee proceeds from sale of equipment as required by terms of a mortgage trust, diversion of proceeds from sale of assets from the trustee to the general funds of the company, cost per unit of manufacture too high, dissipation of assets, improvident sale of assets resulting in increased manufacturing costs, negligent conduct of business, failure to enforce payment on stock subscriptions, payment of interest on bonds in violation of terms of mortgage, purchase of bonds below par and later carrying as assets at par, and too many high salaried employees.

Nothing appears in the complaint to show that these matters were particularly brought to the attention of the shareholders and directors, or that any action was specifically requested or demanded of them to remedy these alleged conditions, and there is no allegation that the corporation is under the domination of the present directors and voting shareholders to such an extent that a proper demand upon them with supporting facts would not be properly received and considered.

There is such a complete non-compliance with the requirements of Rule 23 (b) as would warrant dismissal of this complaint.

This requirement of setting forth with particularity the efforts made to secure action by the managing directors and shareholders, or in the alternative, showing good cause why no request was made, has already been explained by this court in an almost identical suit against this same Milton Manufacturing Company. See Shimer et al. v. Milton Manufacturing Company, D. C., 10 F.Supp. 943, where the complaint was dismissed for failure to meet the requirements of particularity. It, therefore, becomes the duty of this court to point out that failure to meet this requirement of particularity is a fatal defect requiring dismissal of the bill.

It is not necessary to consider at this time the contention of the defendants that this complaint in effect asks the removal of directors, for which there is an adequate remedy in the state courts of Pennsylvania. The amended complaint does not ask for the removal of the directors.

Because the amended complaint does not state facts justifying the appointment of a receiver, and because it does not aver facts entitling plaintiff to the accounting prayed for, and further, because the complaint shows two fatal defects in procedure, it is ordered, that the motion to dismiss the amended complaint be, and the same is hereby, granted, and the said amended complaint be, and the same is hereby, dismissed.