395 F.2d 663
 Irving D. FRIEDMAN and Sylvia Friedman, on behalf of
themselves and in a representative capacity on behalf of all
other owners and/or holders of Baltimore and Ohio
convertible 4 1/2% Income bonds due February 1st, 2010,
Plaintiffs-Appellants,
v.
CHESAPEAKE AND OHIO RAILWAY COMPANY and Baltimore and Ohio
Railroad Company, Defendants-Appellees.
 No. 462, Docket 31110.
 United States Court of Appeals Second Circuit.
 Argued May 16, 1968.
Decided June 4, 1968.
 
 Charles J. Fine, New York City, for plaintiffs-appellants.
 Carl E. Newton, New York City (Donovan, Leisure, Newton & Irvine, Robert F. Morton, R. Barry McConic, New York City, of counsel), for Chesapeake & Ohio R. Co.
 Eugene Z. DuBose, New York City (Alexander & Green, Richard T. McDermott, New York City, of counsel), for Baltimore & Ohio R. Co.
 Before MOORE, HAYS and FEINBERG, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a judgment dismissing a complaint which alleges as a first cause of action that plaintiffs-appellants are the owners of $200,000 face value B & O 4 1/2% Convertible income bonds due February 1, 2010 ($22,000,000 principal amount outstanding); that the bonds were issued pursuant to an Indenture (Chase Manhattan Bank, Indenture Trustee); that the defendants Chesapeake and Ohio Railway Company (C & O) and Baltimore and Ohio Railroad Company (B & O) affected a 'merger in fact' by combining various departments and operating services; that by reason thereof the obligations of the B & O 'under the terms of the Indenture and Bonds' became the obligations of the C & O; that interest arrears in said B & O bonds through December 31, 1965 is $4,950,000; that in February 1966 C & O declared a $9,000,000 dividend on its common stock while there were arrears on the B & O bonds, thus making back interest payable under the Indenture and the Bonds; and that plaintiffs are entitled to seek recovery thereof in a class action.
 
 
 2
 A second cause of action alleges that such common stock dividend payment by C & O matured the B & O bonds; a third cause of action asserted a failure to make sinking fund payment as an event maturing the bonds; and a fourth cause of action alleged retirement annuity fund payments as an event of default.
 
 
 3
 As affirmative defenses, the defendants alleged first, exclusive jurisdiction in the Interstate Commerce Commission (ICC) to authorize mergers and assumption of the obligations of another carrier and second, failure to comply with the Indenture's requirement that the holders of 25% Of principal amount of the Bonds must request the Trustee to bring suit.
 
 
 4
 Summary judgment was properly granted. First, the 'no action' (unless a request by 25% Of the bondholders) clause of the Indenture applies as a bar to the action. Sutter v. Hudson Coal Co., 259 App.Div. 1053, 21 N.Y.S.2d 40 (2d Dept. 1940); Relmar Holding Co. v. Paramount Publix Corp., 147 Misc. 824, 263 N.Y.S. 776 (Sup.Ct.1932).
 
 
 5
 Second, there is no issue of fact as to a merger. The ICC's approval of the use of joint facilities[2] was not approval of a merger as prescribed by law, 49 U.S.C.A. 5(2)(a), (4), or of the assumption by C & O of B & O's obligations. 49 U.S.C.A. 20a(2).
 
 
 6
 The motion to amend the complaint was properly denied. See opinion below. 261 F.Supp. 728 (S.D.N.Y.1966).
 
 
 7
 In addition, appellants have conceded that on May 1, 1968 all accumulated interest from 1961 to 1967 inclusive was paid, thus removing any factual foundation for the first cause of action and rendering their claims to such interest moot.
 
 
 8
 Affirmed.
 
 
 
 [1]
 The appeal, as stated in the notice of appeal, is from the judgment dismissing the complaint. However, the opinion below, which constitutes an order, also denied plaintiffs' motion to amend the complaint and to change the title of the action to include directors, etc. The Rule 15(b) Statement specifies that 'matters under appeal are the denial of plaintiffs' motion to add three additional alternative causes of action, additional parties defendant and to dismiss defendants' second affirmative defense as well as the granting of defendant Baltimore and Ohio Railroad Company's motion for summary judgment dismissing the complaint.' Under the circumstances, the notice of appeal will be construed as embracing the denial of the motion to amend
 
 
 [2]
 Chesapeake & Ohio Railway Co.-Control-Baltimore & Ohio Railroad Co., 317 I.C.C. 261 (1962)