M.H. Davidson & Co. v C-III Asset Mgt., LLC (2018 NY Slip Op 03917)





M.H. Davidson & Co. v C-III Asset Mgt., LLC


2018 NY Slip Op 03917


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Sweeny, J.P., Richter, Andrias, Kahn, Moulton, JJ.


6747 652571/16

[*1]M.H. Davidson & Co., et al., Plaintiffs-Appellants,
v
C-III Asset Management, LLC, Defendant-Respondent, Commercial Mortgage Pass-Through Certificates Series 2007-C5 Trust, Nominal Defendant.


Kazowitz Benson Torres LLP, New York (Michael A. Hanin of counsel), for appellants.
Venable LLP, New York (Gregory A. Cross of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered August 2, 2017, which granted defendants' motion to dismiss the complaint, unanimously affirmed.
Plaintiffs held commercial mortgage pass-through certificates in a trust, and alleged that defendant, the Special Servicer for the trust, breached the pooling and services agreement (PSA) by manufacturing a default for one of the largest mortgages held by the trust, the Gulf Coast loan, and orchestrating the sale of another defaulted mortgage loan, the Jericho loan, for an artificially low price in exchange for the purchase option for the Gulf Coast loan.
In bringing this action, plaintiffs were required to comply with the PSA's no-action clause (see Greene v New York United Hotels, Inc., 236 AD 647, 648 [1st Dept 1932], affd 261 NY 698 [1933]; see also Alden Global Value Recovery Master Fund, L.P. v KeyBank N.A., 159 AD3d 618, 627 [1st Dept Mar. 29, 2018]). Plaintiffs failed to comply with this clause.
The PSA in section 11.03(c) provides, in relevant part, that "[n]o Certificateholder . . . shall have any right by virtue of any provision of this Agreement to institute any suit . . . upon or under or with respect to this Agreement or any Mortgage Loan, unless, in the case of a Certificateholder . . . such Holder previously shall have given to the Trustee a written notice of default hereunder, and of the continuance thereof, as herein before provided." Similar to Alden Global Value Recovery Master Fund (159 AD3d at 628), plaintiffs did not provide the trustee with written notice of an actionable Event of Default under the PSA prior to instituting this action and therefore do not have standing to assert this claim. Accordingly, the action was properly dismissed.
Given this determination, we need not reach any of plaintiffs' remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK